[No. 7,321.—In Bank.]

WILLIAM DUNPHY ET AL. v. DAVID BELDEN, JUDGE OF THE SUPERIOR COURT OF THE COUNTY OF SANTA CLARA.

MANDAMUS—DISCRETION—SUPERIOR COURT.—A Superior Court has no power or discretion to refuse to try an action until judgment in another and separate action in another court of this State.

ID.—ID.—ID.—CASE DISTINGUISHED.—MORRISON, C. J., and THORNTON, J., dissenting, were of the opinion that the principle does not apply in a case where a Superior Court makes an order postponing a trial until another action pending in the Supreme Court, on appeal from the same court, is disposed of. *Avery* v. *Superior Court, ante*, p. 247, distinguished.

*D. M. Delmas*, for Plaintiff.

The setting of a case for trial is a mere ministerial duty of a judge; the time when a particular case shall be tried may be somewhat within the discretion of the court, so far as it may be required to be exercised for the due disposal of other business; but when there is no legal impediment in the way of a trial, and a cause is or should be regularly on the calendar, there is no room for discretion. (*Avery* v. *Superior Court, ante*, p. 247.)

*J. C. Black*, for Defendant.

The Court below simply exercised a lawful discretion. (*Flagley* v. *Hubbard*, 22 Cal. 35; *People* v. *Judge*, 17 id. 548; *People* v. *Pratt*, 28 id. 168; *Lewis* v. *Barclay*, 35 id. 213; *People* v. *Loevey*, 29 id. 266; *Clark* v. *Minnis*, 50 id. 510; *Purcell* v. *McCune*, 14 id. 231; *People* v. *Sexton*, 14 id. 78.)

McKINSTRY, J. ·

Mandamus. The case was submitted on a stipulation that the statement of facts set forth in the answer is true. From this it appears that an action was commenced in the Eighteenth Judicial District Court for Santa Clara County, by Edith Nichols against William Dunphy and Carmen Dunphy, on the trial of which a verdict was found against both defendants for sum of five thousand dollars, and judgment was rendered thereon; that on appeal by William Dunphy alone, the judgment of the District Court was reversed; that after *remittitur* was filed, the plaintiff caused an execution to be issued out of the District Court against the property of the defendant Carmen Dunphy, and caused the same to be levied upon the separate property of the said Carmen, which execution was afterwards, on motion of the said Carmen Dunphy, quashed by the Superior Court of Santa Clara County, the successor of said District Court; that the plaintiff in the action aforesaid duly appealed from the order quashing the execution, which appeal is yet undetermined; that afterwards, the said Edith Nichols filed " a new complaint " against the said William Dunphy and Carmen Dunphy; that on the 10th of May, 1880, the defendants named in said new complaint filed their answer thereto, and pleaded " the pendency of the first action herein described as a bar to the second complaint," and moved " said cause " on the calendar against the objection of the plaintiff.

Had the answer herein shown that the " second complaint " was an amended complaint in the original action, we would have been called on to decide whether the Court below was authorized, in the exercise of a wise discretion, to await the determination by this Court of an appeal from an order made in the same action, which would or might settle the material questions to be decided at the final hearing in the Superior Court. But as the case is now presented here, it appears that the issues awaiting trial in the Court below have been formed in a new and independent action, to the complaint in which a plea of the pendency of another action has been interposed. It will be observed that it is no part of our duty now to decide whether or not the plea is maintainable. In *Avery* v. *The Superior Court*

*of the County of Contra Costa, ante,* p. 247, it was held, in effect, that the Superior Court had no power to stay proceedings in an action pending therein until judgment should be rendered in a certain other action in the Circuit Court of the United States. It was indeed there said that the adjudication in the Circuit Court could not affect the rights of the parties to the action in the Superior Court. But the mandate directing the Superior Court to proceed to a trial of the action did not depend upon the fact that the adjudication of the Circuit Court might or might not be determinative of any question involved in the action in the Superior Court; since, if the latter Court had any discretion in the premises, it did not exceed its jurisdiction by erroneously supposing that the adjudication of the Circuit Court might settle the rights of the parties before it. Mandamus cannot be resorted to for the purpose of controlling the discretion of a court or officer. *Avery* v. *The Superior Court of Contra Costa County,* therefore, necessarily determined that the Superior Court had no power or discretion to refuse to try the action before it until the conclusion of the action in the Circuit Court of the United States. We can discover no substantial difference between an order staying proceedings in an action until judgment in another action in a United States Court, and a like order staying proceeding until judgment in a separate and independent action in another State Court.

Let the writ issue commanding Department One of the Superior Court of the County of Santa Clara to proceed to the trial of the action in due course.

THORNTON, J., dissenting:

I dissent. I think that the case of *Avery* v. *The Superior Court of Contra Costa County* is entirely different from the case before us. In that case, the trial was postponed until a cause pending in a court of a different jurisdiction—the Circuit Court of the United States for California—was determined. Over this Court last named, and any causes pending in it, the Fifteenth District Court, making the order of stay in the cause above referred to, had no control. But in the case before us,

the cause the trial of which is stayed is in the same Court, and that Court can always control it so as to bring it to trial at any time. To issue the writ on this application would control the discretion vested in the Court by the law. The decision of the question arising on the appeal now in this Court may determine the controversy involved in the action brought in October, 1879. Certainly the Court below is invested with the discretion to postpone the trial of the cause last named until the former appeal is determined in this Court, thus saving expense to the parties. If the party appealing should fail to bring on the hearing on this appeal within a reasonable time, the Court would and should proceed to hear the cause, and no doubt would do so. The order of the Court below merely postpones the hearing of the cause, but it is in the power of the Court to order a trial at any time, and no doubt it would do so on a showing of facts indicating such a course to be proper.

I think that the writ should be denied, and the proceedings dismissed.

MORRISON, C. J., concurred in the dissenting opinion of Mr. Justice THORNTON.