[No. 18086.    Department Two. — March 18, 1893.]

B. C. HARRIS ET UX., APPELLANTS, v. HENRY BARNHART, RESPONDENT.

NEW TRIAL — STATEMENT — SPECIFICATIONS OF INSUFFICIENCY OF EVI-
DENCE — APPEAL. — Specifications of insufficiency of the evidence to
justify a verdict in a statement upon motion for a new trial must be
disregarded upon appeal from an order refusing the new trial, where
the evidence in support thereof is not to be found in the record.

ID. — ERROR ASSIGNED UPON INSTRUCTIONS — INSUFFICIENT RECORD UPON
APPEAL. — Alleged error in instructions to the jury will not be con-
sidered, where the record upon appeal fails to set forth the testimony
upon which they are predicated, and where it appears from the record
that other instructions were given which are not embodied therein.

ID. — PRESUMPTION AS TO ADDITIONAL INSTRUCTION. — It must be pre-
sumed upon appeal, where additional instructions were given which
are not embodied in the record, that under such instructions, taken with
those given and refused, the law of the case was properly presented to
the jury.

FORMER ADJUDICATION — MORTGAGE BY DEED ABSOLUTE. — In an action
to recover an excess of price received by defendant from the sale of
property transferred by absolute deed from plaintiff to defendant, which
it was alleged was given as security for indebtedness, a former judg-
ment between the same parties in an action to set aside the deed, the
gist of which was as to whether the conveyance was absolute or merely
as security, is admissible in bar of the action after the time for appeal
in the former action has elapsed.

ID. — STAY OF OPERATION OF JUDGMENT — EFFECT OF MOTION FOR NEW
TRIAL. — A motion for a new trial does not stay or suspend the opera-
tion of a final judgment in the cause, in the absence of an order of the
court to that effect.

ID. — EFFECT OF APPEAL — BAR OF SUBSEQUENT ACTION. — Where an ap-
peal is pending, and until the time therefor has expired, a final judg-
ment, unless satisfied, is not evidence in bar of recovery in another
action for the same cause.

ID. — PENDENCY OF ACTION DURING TIME FOR APPEAL — PLEADING —
ABATEMENT OF SUBSEQUENT ACTION. — Until the time for an appeal
has expired, if the judgment has not been sooner satisfied, the action is,
under section 1049 of the Code of Civil Procedure, to be deemed as
pending, and the proceedings therein are admissible under proper plead-
ings in abatement of a subsequent action for the same cause.

ID. — LAPSE OF TIME FOR APPEAL PENDING SUIT — EVIDENCE OF FORMER
JUDGMENT IN BAR — PLEADING — SUPPLEMENTAL ANSWER — WAIVER.
— Where the time for an appeal from a judgment has expired before
the judgment is offered in evidence in bar of another action for the same
cause, it is admissible in support of a plea in bar of the action, though
such plea was made in the answer before the time for appeal had elapsed,

where no objection is made at the time of its offer in evidence upon the ground of the want of a supplemental answer pleading such judgment in bar, the defective plea in the answer being waived by the acquiescence and failure of the plaintiff to object thereto.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order denying a new trial.

The facts are stated in the opinion

*J. B. Webster, Thompson & Paulsell,* and *L. W. Elliott,* for Appellants.

*F. T. Baldwin,* and *W. N. Rutherford,* for Respondent.

SEARLS, C. — Plaintiffs, who are husband and wife, brought this action to recover three thousand six hundred dollars. According to the allegations of the complaint, the plaintiffs, on the fifteenth day of December, 1884, were indebted to defendant in the sum of about $4,374, a balance due upon a promissory note of $8,000 made by them to the latter; that on said date, and as security for the payment of such balance, they executed, acknowledged, and delivered to defendant an absolute deed of certain premises, consisting of ten acres of land, with the improvements thereon, known as the Stockton House, situated near Stockton.

The complaint avers that it was intended by all the parties to the transaction that the deed should be taken as security, etc. It further avers that defendant, in February, 1885, sold the premises for eight thousand dollars, and the action is brought to recover the excess received by him over and above his demand against plaintiffs. The action was commenced August 26, 1889.

The answer denies that the deed was executed and delivered as security, and avers that it was an absolute conveyance, in consideration of the indebtedness of plaintiffs to him, amounting to six thousand dollars, and was not intended or received as security, etc.

Defendant, as a further answer, and as a bar to the action under the statute of limitations, sets up subdi-

vision 4 of section 338, and subdivision 1 of section 339, of the Code of Civil Procedure, as defenses to the action. As a further answer, defendant alleges that on the —— day of July, 1889, in an action then pending in the same court, between the same parties, and for the same cause of action, judgment was rendered in his favor, and against the plaintiffs, wherein it was adjudged "that said plaintiffs are not entitled to recover in this action, and that defendant is entitled to a judgment for his costs." It is further averred in the usual form that such judgment has not been reversed, vacated, or set aside, and remains in full force and effect.

The cause was tried before a jury. Defendant had a verdict, upon which judgment was rendered in his favor for costs of suit. Plaintiffs moved for a new trial, based upon the minutes of the court; and from an order denying the motion, and from the judgment, this appeal is taken.

Plaintiffs, in their notice of motion for a new trial, specified several particulars in which it was claimed the evidence was insufficient to justify the verdict, but the evidence in support thereof is not to be found in the record, and they must therefore be disregarded.

Like considerations apply to the instructions given at the request of the defendant, except that marked 2, in relation to the effect of the former judgment; also to those asked on behalf of plaintiffs and refused. Not having the testimony before us upon which they are predicated, it is impossible to say whether or not the court erred. Another reason for not disturbing the judgment on account of the instructions given and refused is, that it appears from the record "that the court, at the request of the plaintiffs and the defendant, and on the court's own motion, gave certain other further and additional instructions to the jury." As these additional instructions are not embodied in the record, it must be assumed that, taken with those given and refused, the law of the case was properly presented to the jury.

At the trial, defendant was permitted by the court, against the objection of plaintiffs, to introduce in evidence the judgment roll in the case of *B. C. Harris et al. v. H. Barnhart*, No. 3635, the object being evidently to support the defense of a former adjudication of the same subject-matter set out in the answer.

Plaintiffs excepted to the ruling of the court admitting the judgment roll, and later to the instruction No. 2, given by the court at the request of the defendant, holding that the facts and issues passed upon in the former case were conclusive in the present action, and these rulings are assigned as error. The verdict in this case was rendered February 28, 1891.

At the date of the trial, and when the judgment roll in the former cause was admitted in evidence, a motion for a new trial in such former cause was pending and undetermined. I am satisfied that if the record was properly admitted, it proves the subject-matter of this action to be *res adjudicata*.

The parties in each action are the same; the same conveyance of the same property is set out in each action. Plaintiffs in the former, as in this, action claim that the instrument was given merely as security for a pre-existing debt. Defendant in each case claims that the conveyance was intended to be just what on its face it purported to be, and was executed in consideration of a debt due and owing to him from the plaintiffs.

The only perceptible difference is apparent, rather than real. In the former case, plaintiffs alleged that they were illiterate, and were induced to sign the conveyance upon the representations of defendant that it was a power of attorney, under which he would sell the premises, and when so sold would pay them three thousand dollars and cancel their note. The court found against plaintiffs on this proposition, and to the effect that the deed of conveyance was fully explained to and understood by plaintiffs, and was not represented to them to be a power of attorney.

The very gist of that action, as well as of this, was as

to whether a conveyance, admitted to be absolute on its face, was signed, sealed, and delivered as an absolute conveyance of the property described therein, or merely as security.

When its character was once put in issue, tried, and determined, and such determination crystallized by a final judgment, it became a finality as between the same parties, provided such judgment was not suspended and rendered inoperative by the pending motion for a new trial, or by section 1049 of the Code of Civil Procedure.

The only question remaining is, Was the judgment offered in evidence suspended by the pendency of a motion for a new trial, or from other cause?

It has been repeatedly held by this court that the operation of a final judgment is suspended by an appeal therefrom, and that pending such appeal the judgment is not admissible in another case as evidence, even between the same parties. ( *Woodbury* v. *Bowman,* 13 Cal. 635; *McGarrahan* v. *Maxwell,* 28 Cal. 75; *Thornton* v. *Mahoney,* 24 Cal. 569; *Murray* v. *Green,* 64 Cal. 363; Freeman on Judgments, sec. 328.)

The contention of appellants is, that the judgment was not a final one, for the reason that a motion for a new trial was pending, and by reason of the fact that one year had not expired since entry of judgment.

A motion for a new trial does not operate as a stay of proceedings under the judgment. ( *Carpentier* v. *Loucks,* 28 Cal. 69.)

Section 1049 of the Code of Civil Procedure provides that "an action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied."

If it be held that during the period of one year next after the entry of a judgment, during which period, under our law, an appeal may be taken, the action is to be deemed as pending, and the judgment is so far in abeyance as not to be a bar to another action for the same cause, — and it must be conceded there seems

good reason for so holding, — still it is not apparent that appellants are gainers thereby.

The former judgment was rendered, as before stated, July 16, 1889. It was offered in evidence on or about February 28, 1891, — a period of more than one year after entry.

It is true that at the date of the plea of the judgment, viz., November 30, 1889, one year had not elapsed since the entry of the judgment.

The evidence when offered was admissible, and sufficient to constitute a defense to the action, and it is not perceived that an inherent defect at a former period could be urged against it, after the infirmity ceased. The vice, if any, was in the answer, which showed upon its face that the judgment had been rendered within one year. No objection having at any time or place been urged against this pleading, it was proper for the court below to admit the evidence and enter judgment upon the verdict. Objection was made to the introduction in evidence of the record in the former cause, it is true, but it was based upon its supposed defects, in not showing a former adjudication of the same cause of action, that a motion for a new trial was pending, and that one year had not elapsed since the rendition of the judgment.

If, as hereinbefore, we still assume the position of appellants, that a judgment is ineffectual as evidence in a plea of former adjudication until the time for an appeal therefrom has expired, the true course of a defendant in such a case would be to plead the pendency of the former action in abatement until the judgment therein became final, when a supplemental answer averring the proper facts in bar of the action would be in order.

In conclusion, I am of opinion,—1. That a motion for a new trial, in the absence of an order of the court to that effect, does not stay or suspend the operation of a final judgment in the cause; 2. That where an appeal is pending, and until the time therefor has expired, a final judgment, unless satisfied, is not evidence in bar

of recovery in another action for the same cause; 3. That until the time for an appeal has expired, if the judgment has not been sooner satisfied, the action is, under section 1049 of the Code of Civil Procedure, to be deemed as pending, and the proceedings therein are admissible under proper pleadings in abatement of a subsequent action for the same cause; 4. That in this cause, the time for an appeal having expired before the judgment was offered in evidence, it was admissible in support of a plea in bar of the action, and no objection having been urged upon the ground of the insufficiency of the answer pleading such judgment, it was properly admitted in evidence; 5. That defects in the answer were waived, by acquiescence and by failure to object thereto.

It must not be understood that any reflection is cast upon the diligence or acumen of counsel for appellants in the assertion that they waived the rights of their clients by failure to object to the answer. Doubtless they were aware of the fact that if they did so it would simply involve, as a consequence, the filing of a supplemental answer, and no gain would have accrued to their clients.

It is recommended that the judgment and order appealed from be affirmed.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

MCFARLAND, J., DE HAVEN, J., FITZGERALD, J.