[No. 15057.    In Bank.—December 30, 1893.]

A. M. BROWN, APPELLANT, *v.* H. C. CAMPBELL ET AL., DEFENDANTS. THE ANGLO–CALIFORNIAN BANK, LIMITED, INTERVENOR, AND JOHN G. PRIEST, RESPONDENT.

ACTION AGAINST NONRESIDENT—JURISDICTION OF PERSON—JUDGMENT IN REM.—In an action against a nonresident for the recovery of money, when there has been no personal service of process on the defendant within the state in which the action is pending, and no appearance therein by him, no judgment can be given, other than one in the nature of or having the effect of a judgment *in rem*, against such property of the nonresident as may have been specifically attached in the action.

ATTACHMENT—EQUITABLE INTEREST OF GRANTOR OF TRUST DEED.—The right of a grantor under a trust deed to a reconveyance upon the payment of the indebtedness secured by the deed, or in case of default in its payment and a sale thereunder, to any surplus of the proceeds remaining after satisfaction of the debt so secured, constitutes an equitable interest in the land, which is subject to the lien of an attachment levied upon the land.

ID.—EQUITY OF REDEMPTION—LIEN OF ATTACHMENT UPON SURPLUS.—If before the sale of an equity of redemption, either under a decree of foreclosure or under a power, a valid attachment is levied upon the equity of redemption, the attachment is a lien upon the surplus proceeds, which are thereby subject to be applied upon execution to the satisfaction of a judgment in favor of the attaching creditor in the action in which the attachment is issued.

FRAUDULENT CONVEYANCE—STATUTE OF LIMITATIONS—RIGHTS OF CREDITOR—DISCOVERY OF FRAUD.—The statute of limitations does not begin to run against an action by a creditor to subject property fraudulently conveyed by the debtor, or the proceeds thereof, to the payment of an indebtedness due the creditor, until he has secured a judgment against the debtor upon which an execution may be issued; nor even then, if the creditor has not discovered the facts constituting the fraud.

ID.—FOREIGN JUDGMENT CREDITOR—SUIT IN THIS STATE.—One who obtains a judgment in another state is not a judgment creditor in this state within the meaning of the rule which permits only judgment creditors to attack a conveyance made by the judgment debtor to defraud his creditors. The obligation created by the foreign judgment is one which cannot be enforced in this state without suit, and until a judgment is recovered upon it here, the person obtaining the foreign judgment occupies only the position of a creditor at large without any right to subject any specific property of his debtor within this state to the satisfaction of the obligation created by the foreign judgment.

JUDGMENT—RES ADJUDICATA—PLEA IN BAR—PENDENCY OF ACTION—TIME FOR APPEAL.—Where the time for appeal from a judgment has not expired, the action is still pending although no appeal has been taken therefrom, and the judgment cannot be pleaded in bar to a cause of action involving the same matters alleged in a cross-complaint in another action.

ID.—GROUND OF CONTINUANCE—DISMISSAL NOTWITHSTANDING CROSS-COMPLAINT.—Though the former judgment cannot be pleaded in bar to another action or cross-complaint for the same cause while the former action is pending, yet the pendency of the action is good ground for a continuance of the later action until the former action is finally determined, and would be good ground for dismissal of the later action in which a cross-complaint is filed upon the same cause of action.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*James A. Waymire,* for Appellant, and *William T. Baggett,* for Intervenor.

As both plaintiff and defendant were nonresidents of and absent from the state at the time of the commencement of the action, and have never at any time since been within the state, and the defendant never having personally appeared therein, the court neither had jurisdiction of the subject matter nor of the person of the defendant, and the judgment therein was and is absolutely void and of no force or effect whatever. (*Pennoyer* v. *Neff,* 95 U. S. 723; *Cooper* v. *Reynolds,* 10 Wall. 308; *Anderson* v. *Goff,* 72 Cal. 65; 1 Am. St. Rep. 34; *McDonald* v. *Cooper,* 32 Fed. Rep. 752; *Belcher* v. *Chambers,* 53 Cal. 640; Hawes on Parties, sec. 12; Cooley on Constitutional Limitations, 405.) In order to create a valid lien by attachment, the statute must be strictly followed. (*Wheaton* v. *Neville,* 19 Cal. 44; *Main* v. *Tappener,* 43 Cal. 209; *Sharp* v. *Baird,* 43 Cal. 577; *Watt* v. *Wright,* 66 Cal. 202; 1 Wade on Attachments, sec. 31.) The judgment in the attachment suit was void and of no effect, as the property at the time of the attempted attachment stood in the names of the grantees under the trust deed, which vested the legal title in them. (*Koch* v. *Briggs,* 14 Cal. 256; 73 Am. Dec. 651; *Grant* v. *Burr,* 54 Cal. 298; *Durkin* v. *Burr,* 60 Cal. 360; *Whitmore* v. *San Francisco S. W.,* 50 Cal. 145; *Savings and Loan Society* v. *Deering,* 66 Cal. 286; *Partridge* v. *Shepard,* 71 Cal. 470, and cases there cited.) Assuming the plaintiff has shown himself entitled to the relief demanded in other respects, still his right thereto became barred by the statute of limitations prior to the commencement of this action. (*Peabody* v. *Phelps,* 9 Cal. 229; *Burke* v. *Smith,* 16 Wall. 401; *Weisenberg* v. *Truman,* 58 Cal. 69; *Beach* v. *Hodgdon,* 66 Cal. 188; *Duff* v. *Duff,* 71 Cal. 529; *Le Roy* v. *Mulliken,* 59 Cal. 282; *Teall* v. *Slaven,* 40 Fed. Rep. 774, 777; *Laird* v. *Kilbourne,* 70 Iowa, 83; *Avery* v. *Cleary,* 132 U. S. 604; *Hanner* v. *Moulton,* 138 U. S. 486; *Cockrell* v. *Cockrell,* 13 Ky. L. Rep. 10; *Wood* v. *Carpen-*

*ter*, 101 U. S. 142; *Wood* v. *James*, 87 Ky. 511; *Purdon* v. *Seligman*, 78 Mich. 132.) The former action of *Priest* v. *Brown* was *res adjudicata*, and the judgment was a bar to a retrial of the matters alleged in the cross-complaint. (*Lyon* v. *Perin etc. Mfg. Co.*, 125 U. S. 698; Wells on Res Adjudicata, sec. 257; *Ewing* v. *McNairy*, 20 Ohio St. 321; *Bigelow* v. *Winsor*, 1 Gray, 299; *Durant* v. *Essex Co.*, 7 Wall. 107.) No personal service having been made by Priest in the attachment suit, the proceeding was one *in rem*, and the judgment could bind only the actual, identical property levied upon, and not the surplus in the hands of the grantees of the trust deed after a sale. (*Cooper* v. *Reynolds*, 10 Wall. 318; *Anderson* v. *Goff*, 72 Cal. 70; 1 Am. St. Rep. 34; *State* v. *Eddy*, 10 Mont. 311; *Martin* v. *Cobb*, 77 Tex. 544; *McKinney* v. *Collins*, 88 N. Y. 216; *Lackett* v. *Rumbaugh*, 45 Fed. Rep. 30.)

*T. Z. Blakeman*, for Respondent.

If the transfer was void as to the creditors, the property stood as if no transfer had ever been made, and therefore the seizure of the property in the attachment suit as the property of Joseph Brown was proper, valid, and sufficient. (*Bull* v. *Ford*, 66 Cal. 176; Freeman on Executions, sec. 136, and numerous cases cited in notes 1 and 2; *Pratt* v. *Wheeler*, 6 Gray, 521; *Judson* v. *Lyford*, 84 Cal. 505.) The attachment being of "any interest" in the property is good, as no interest in the property stood in the bank's trustees at date of attachment, only the naked, legal title in trust to sell upon a certain contingency. (*Grant* v. *Burr*, 54 Cal. 298; *Bateman* v. *Burr*, 57 Cal. 481; *Williams* v. *Santa Clara Min. Assn.*, 66 Cal. 193; *Tyler* v. *Granger*, 48 Cal. 268; *Tompkins* v. *Sprout*, 55 Cal. 34.) The right to redeem from the bank's mortgage stood in the name of Andrew M. Brown at the date of attachment, and that right of redemption was an attachable interest in the property. (*Kennedy* v. *Nunan*, 52 Cal. 326; *Fish* v. *Fowlie*, 58 Cal. 374; *Halsey* v. *Martin*, 22 Cal. 645; Freeman on Executions, sec. 190.) The

attachment upon the property extended to the surplus funds left after the sale. (Overton on Liens, sec. 333; Freeman on Judgments, secs. 349, 350; 1 Black on Judgments, sec. 343; *Hawes* v. *Lathrop*, 38 Cal. 498; *Randall* v. *Duff*, 79 Cal. 115; *Anderson* v. *Goff*, 72 Cal. 68; 1 Am. St. Rep. 34.)

*H. C. Campbell*, for Defendants Campbell and Kent.

DE HAVEN, J.—This action was originally brought by the plaintiff against the defendants, Campbell and Kent, to recover the sum of two thousand five hundred and forty-nine dollars and fifty cents, surplus in their hands, arising upon the sale of certain real property conveyed to them in trust to secure an indebtedness of plaintiff to the San Francisco Savings Union. These defendants answered admitting that after the payment of plaintiff's indebtedness secured by the trust deed there remained in their hands the sum demanded by plaintiff; but they also alleged that one Priest claimed to be entitled to recover such surplus, and they asked for an order requiring him to be brought into court as a party to the action, and that they be permitted to pay the fund in controversy into court, to be disposed of by the judgment in the action. This order was made, and thereafter Priest filed an answer, and also a cross-complaint, in which he alleged in substance that, prior to the sale of the real property by the defendants Campbell and Kent under the deed of trust, he had levied an attachment upon such property in an action brought by him against one Joseph Brown in one of the superior courts of this state to enforce a personal demand, and in that action he recovered a judgment on April 5, 1887, for a sum exceeding eight thousand dollars; and that he again attached the same property prior to the sale under the trust deed in another action brought by him in this state against Joseph Brown, and in which latter action he recovered a judgment against Brown on January 8, 1888, for the sum of nine thousand three hun-

dred and fifty-three dollars and fifty cents. The cross-complaint further alleges "that both of said judgments are for one and the same cause of action, and both were recovered against the said Joseph Brown (who was not a resident of the state of California) upon constructive service of summons." Priest further alleged in his cross-complaint that the land sold under the trust deed was the property of his said debtor, Joseph Brown, and was by him conveyed to the plaintiff on October 3, 1883, for the purpose of hindering, delaying, and defrauding the creditors of such debtor.

The Anglo-Californian Bank was also permitted to intervene, and claims a right to a portion of the fund in controversy by virtue of a mortgage executed by the plaintiff subsequent to the date of the deed of trust above referred to.

The plaintiff and the intervenor demurred to the cross-complaint of the defendant, Priest, upon the ground, among others, that the cause of action therein stated is barred by certain sections of the Code of Civil Procedure prescribing the limitation for actions, and, the demurrer being overruled, they filed an answer to the cross-complaint.

The action was tried by the court without a jury, and, upon the findings made, judgment was rendered in favor of the defendant, Priest, in accordance with the prayer of his cross-complaint. The plaintiff and the Anglo-Californian Bank, intervenor, have appealed.

The questions arising on this appeal are: 1. Did the defendant, Priest, secure a lien upon the fund in controversy by reason of the attachment proceedings in either of his actions against Joseph Brown? 2. Is the cause of action stated in the cross-complaint barred by the statute of limitations? 3. Is the right of Priest to the relief given him by the judgment appealed from barred by a judgment in a former action brought by him against the plaintiff and the other defendants, and which involved substantially the same matters em-

braced in the cross-complaint in this action? and lastly, Are the findings of the court justified by the evidence?

In an action against a nonresident for the recovery of money, when there has been no personal service of process on the defendant within the state in which the action is pending, and no appearance therein by the defendant, no judgment can be given other than one in the nature of, or having the effect of, a judgment *in rem* against such property of the nonresident as may have been specifically attached in such action. (*Anderson* v. *Goff*, 72 Cal. 65; 1 Am. St. Rep. 34; *Blanc* v. *Paymaster Mining Co.*, 95 Cal. 524; 29 Am. St. Rep. 149; *Pennoyer* v. *Neff*, 95 U. S. 741; *Cooper* v. *Reynolds*, 10 Wall. 308.) In this latter case, in discussing the effect of a judgment in an action brought to establish a personal demand against a nonresident only constructively served with process, and in which an attachment is levied upon the property of the defendant, Mr. Justice Miller, speaking for the supreme court of the United States, said: "If the defendant appears the cause becomes mainly a suit *in personam*, with the added incident that the property attached remains liable under the control of the court to answer to any demand which may be established against the defendant by the final judgment of the court; but if there is no appearance of the defendant, and no service of process upon him, the case becomes in its essential nature a proceeding *in rem*, the only effect of which is to subject the property attached to the payment of the demand which the court may find to be due to the plaintiff. . . . . No general execution can be issued for any balance unpaid after the attached property is exhausted. No suit can be maintained on such a judgment in the same court, or in any other, nor can it be used as evidence in any other proceeding not affecting the attached property, nor could the costs in that proceeding be collected of defendant out of any other property than that attached in the suit."

C. CAL.—41

Such being the well-established rule of law, it follows that, inasmuch as Joseph Brown was a nonresident, and not personally served with process within this state in either of the actions of *Priest* v. *Brown*, the question whether there was made in either of those actions any valid attachment upon the property involved here is a material one; for, unless such attachment was made, the the defendant, Priest, is not entitled to subject the fund in controversy here to the payment of either of the judgments obtained by him against Joseph Brown.

It is argued by the appellant that the attachment in neither of the actions of *Priest* v. *Brown* binds the surplus which afterwards came into existence by the sale of the real property upon which the attachments were previously levied. This contention, although a plausible one upon its first statement, is, in our opinion, not sound. The attachment, at least in the second action of *Priest* v. *Brown*, was levied upon the entire interest of the judgment debtor in the land described in the trust deed. If, as the court below found, that land was originally conveyed to the plaintiff by the judgment debtor for the purpose of defrauding the creditors of the latter, and the trust deed was accepted by the San Francisco Savings Union without notice of this fact, then the interest remaining in the judgment debtor, subject to attachment and execution by his defrauded creditors, was the entire interest reserved to the fraudulent grantee by the terms of the trust deed, viz., the right to a reconveyance upon payment of the indebtedness secured by the deed; and in case of default in its payment, and a sale of the land in accordance with the terms of the trust deed, a right to the surplus which might come from the proceeds of the sale after satisfaction of the debt secured. This right so reserved constituted an equitable interest in the land, and it was this equitable interest which was attached by the defendant, Priest, and when the land was subsequently sold under the trust deed, the attachment immediately fastened upon the surplus moneys realized by the sale. The right to recover these moneys, in

the event of a sale of the land by the trustees, was a part of the thing attached in levying upon the entire equitable interest reserved to the fraudulent grantee by the trust deed.

A conveyance by the plaintiff of all his interest in the land attached prior to its sale under the trust deed would have vested in his grantee, without notice of the rights of the creditors of Joseph Brown, the equitable right to such surplus (*Eddy* v. *Smith*, 13 Wend. 488); and the same right would have passed to a purchaser under an execution sale of plaintiff's interest in the land (*Coats* v. *Stewart*, 19 Johns. 298); and if the right to recover such surplus would follow a conveyance of the land out of which the surplus arises, and pass under an execution sale of the land itself, it would seem clear that such right would also be subject to the lien of an attachment levied upon the land, or levied upon such an interest therein, as entitles the owner to demand and recover such surplus from the person in whom the legal title may have been vested in trust for purposes of security and sale.

" An equity of redemption in real estate is subject to the lien of a judgment. If before the sale under a decree of foreclosure the judgment is docketed against the defendant, it would be a lien on the surplus proceeds arising from the sale." (2 Freeman on Judgments, 2d ed., sec. 349.) And we think it equally true that if before the sale of the equity of redemption, either under a decree of foreclosure or under a power, a valid attachment is levied upon the equity of redemption, such attachment is a lien upon the surplus proceeds, and they would be subject to be applied upon execution to the satisfaction of a judgment in favor of the attaching creditor in the action in which the attachment is issued. If it were otherwise, the lien of an attachment upon such equity of redemption could be defeated by a sale of the property out of which the equity arises, thus destroying the whole object of the attachment, and rendering it entirely barren of any beneficial results to the plaintiff procuring the issuance of the writ.   Our con-

clusion upon this point is that the defendant, Priest, by virtue of the attachment proceedings in *Priest* v. *Brown,* acquired the right to subject the surplus proceeds arising from the sale of the land attached to the satisfaction of the judgment obtained by him in that action. The attachment of the judgment debtor's interest in the land then standing in the names of his grantee and the trustees named in the trust deed, was in legal effect an attachment of the surplus moneys arising from the subsequent sale.

2. The cause of action stated in the cross-complaint is not barred by either section 343 or subdivision 4 of section 338 of the Code of Civil Procedure. The defendant's cause of action to subject the fund in controversy, or the property from which it was derived, to the payment of the indebtedness due to him from Joseph Brown, did not accrue at the date of the alleged fraudulent conveyance, but only when he obtained a judgment against his debtor upon which an execution would issue in this state. The general rule as to the time when a creditor acquires the right to maintain an action to set aside a fraudulent conveyance made by his debtor, is thus stated at page 522, second edition, of Bump on Fraudulent Conveyances: " No creditor can be said to be delayed, hindered, or defrauded by any conveyance, until some property out of which he has a specific right to be satisfied is withdrawn from his reach by a fraudulent conveyance. Such specific right does not exist until he has bound the property by judgment, or by judgment and execution, as the case may be, and has shown that he is defrauded by the conveyance in consequence of not being able to procure satisfaction of his debt in a due course of law. Then, and then only, he acquires a specific right to be satisfied out of the property conveyed, and shows that he is a creditor, and is delayed, hindered, and defrauded, by the conveyance." In accordance with this rule, it has been held in this state that the statute of limitations does not begin to run against such an action by a creditor until he has

obtained such a judgment against his debtor, because until then he has no right of action. (*Forde* v. *Exempt Fire Ins. Co.*, 50 Cal. 302; *Ohm* v. *Superior Court*, 85 Cal. 545; 20 Am. St. Rep. 245.

Nor would the cause of action then accrue if the creditor had not discovered the facts constituting the fraud upon his rights. (*Gates* v. *Andrews*, 37 N. Y. 657; 97 Am. Dec. 764.) In construing a statute of the state of New York similar to subdivision 4 of section 338 of the Code of Civil Procedure as applied to an action by a creditor to set aside a fraudulent conveyance of his debtor, the court of appeals of that state in the case last cited say: "It is urged by the counsel for the respondents that the construction of the above clause is that the action shall be deemed as accruing upon the discovery of the fraud by the party aggrieved thereby, whether his right of action is then perfect or not. I think this construction erroneous. The provision is not that the cause shall be deemed to accrue upon such discovery, but to prevent the running of the statute it shall not be deemed to have accrued before such discovery; thereby providing for a class of cases where the right of action was perfect, but became barred by the statute before the discovery of the facts upon which such right depended."

The earliest of the judgments referred to in the cross-complaint, and sought to be enforced against the fund in controversy here, was not obtained until April, 1887, and the cross-complaint in this action was filed in February, 1889, less than two years thereafter. It is true that both judgments mentioned in the cross-complaint are based upon a judgment obtained in Texas by the defendant against plaintiff's grantor, in the year 1884, but the existence of this Texas judgment in favor of defendant did not make the defendant, Priest, a judgment creditor in this state, within the meaning of the rule which permits only judgment creditors to attack a conveyance made by the judgment debtor to defraud his creditors. The Texas judgment created an obligation in favor of the defendant and against plaintiff's grantor,

Joseph Brown, but it was an obligation which could not be enforced in this state without suit; and until defendant recovered his judgment upon it here, he occupied only the position of a creditor at large, without any right to subject any specific property of his debtor within this state to the satisfaction of the obligation created by such foreign judgment. (*Buchanan* v. *Marsh*, 17 Iowa, 494; *Crim* v. *Walker*, 79 Mo. 335; *Claflin* v. *McDermott*, 12 Fed. Rep. 375; *Tarbell* v. *Griggs*, 3 Paige, 207; 23 Am. Dec. 790.)

3. The plaintiff and the intervenor also pleaded in bar of the right of the defendant, Priest, to the relief demanded in the cross-complaint a judgment of the superior court of the city and county of San Francisco, entered on November 24, 1888, in the action of *Priest* v. *Brown et al.*, and the said defendant also pleaded the pendency of the same action in abatement of this. In that action the defendant, Priest, was plaintiff and the other parties hereto were defendants, and it involved substantially the same matters alleged in the cross-complaint, and it was therein adjudged that the conveyance made by Joseph Brown to the plaintiff in October, 1883, was not made with intent to hinder, delay, or defraud the creditors of the former. That judgment was not a bar to the matters alleged in the defendant's answer as a defense, nor to the same matters set out in the cross-complaint, and upon which he demanded the relief given him by the court below. It had not become final when the cross-complaint was filed, nor yet when the action was tried, and the doctrine of *res adjudicata* only applies to final judgments. The time to appeal from the judgment of November 24, 1888, had not expired when the cross-complaint was filed, and, although no appeal had been taken therefrom, the action was still pending within the legal meaning of that term (Code Civ. Proc., sec. 1049), and the judgment was not a bar to a retrial of the matters alleged in the cross-complaint, under the rule announced by this court in *Harris* v.

*Barnhart,* 97 Cal. 546; *Naftzger* v. *Gregg,* 99 Cal. 83; *Estate of Blythe,* 99 Cal. 472.

But, while the judgment in *Priest* v. *Brown et al.* was not for the reason stated a bar to the cause of action alleged in the cross-complaint, still the pendency of that action would have been good ground for the continuance of this until the final determination of the former action, or would have been a sufficient basis for an order dismissing the present action upon motion of the plaintiff, notwithstanding the affirmative relief demanded by the defendant Priest in his cross-complaint, and the refusal of the court to have granted either of such motions would, perhaps, have been erroneous; but no such motion was made by the plaintiff, and the trial proceeded without objection, the plaintiff still insisting upon the judgment in *Priest* v. *Brown et al.* as an estoppel, and as ground for a judgment in his favor. Under these circumstances we cannot say that the court erred in proceeding to the trial, although it might well have continued the case of its own motion until the final determination of the former action.

4. It is claimed that the findings are not sustained by the evidence. We think, however, the case falls within the rule which does not permit us to disturb the findings of the trial court when there is a substantial conflict in the evidence relating thereto.

We do not deem it necessary to particularly discuss some of the minor points made in the brief of the attorney for the appellant. We have considered them all, and find no error which would justify us in reversing the judgment and order appealed from.

Judgment and order affirmed.

Fitzgerald, J., McFarland, J., Harrison, J., and Garoutte, J., concurred.

Rehearing denied.