[S. F. No. 2095.  In Bank.—March 3, 1900.]

EUGENE F. SMITH et al., Petitioners, v. E. I. JONES, Judge of Superior Court of San Joaquin County, Respondent.

EJECTMENT — PLEA OF FORMER JUDGMENT QUIETING TITLE — PENDENCY OF APPEAL—STAY OF PROCEEDINGS—MANDAMUS.—In an action of ejectment, where the answer pleaded a former judgment in the same court quieting the title of the defendant as against the plaintiff, and that an appeal was pending therefrom, and the plaintiff demanded judgment at the conclusion of the trial, the court had jurisdiction to set aside the submission of the cause, and to grant an application of the defendant to stay all proceedings in the action, to await the determination of the appeal in the former action to quiet title. The granting of such stay was a proper exercise of discretion; and the court cannot be compelled by *mandamus* to render a decision and judgment in the action of ejectment.

PETITION for *mandamus* in the Supreme Court to compel a Judge of the Superior Court of San Joaquin County to render a decision and final judgment. E. I. Jones, Judge.

The facts are stated in the opinion of the court.

L. W. Elliott, and Elliott & Elliott, for Petitioners.

J. G. Swinnerton, for Respondent.

VAN DYKE, J.—*Mandamus* to compel the respondent, as judge of the superior court of San Joaquin county, to render a decision and final judgment in an action of ejectment tried in his court, wherein the petitioners were plaintiffs and Thomas R. Smith defendant.

In his answer in the action of ejectment, the defendant therein, Thomas R. Smith, sets forth that on the twenty-seventh day of February, 1899, in a certain action then pending in said court, in which he, said defendant, was plaintiff, a judgment and decree was by said court duly given and made, whereby it was ordered, adjudged, and decreed that said defendant in the ejectment suit, plaintiff in the former action, was the owner in fee of the lands and premises described in the complaint in said ejectment suit, and that the defendants therein, the plaintiffs in the ejectment suit, were not the owners of, and that none of them had any, and never had any, right, title,

or interest to the premises in controversy, or any part thereof, and that said defendants in that suit, the plaintiffs in the eject- ment suit, were by said judgment and decree perpetually en- joined and restrained from asserting any claim to said prop- erty, or any part thereof, and that said action was still pend- ing. An appeal from said judgment was taken to this court and remains undetermined.

In the return of the respondent herein to the alternative writ, it further appears that, after the testimony had been put in in said ejectment suit, the plaintiffs therein demanded judg- ment according to the prayer of their complaint, and the de- fendant thereupon asked that the cause be stayed until the said judgment set forth in his answer should become final; and the court on August 4th took a submission of all the matters in controversy in the case, and thereafter on August 28th, after reciting that it appearing to the court from the evidence taken in the action that a complete determination of the rights of the parties could not be had until the case of Thomas R. Smith against the petitioners herein, plaintiffs in the ejectment suit, now pending in the supreme court, could be determined, it was ordered that the submission of all the motions therein made on the 4th of August be set aside and all proceedings stayed, and the cause continued until the further order of the court.

The jurisdiction of the trial court in a case like the one recited is unquestioned, and the power of the court in a proper case to set aside a submission and postpone final determination is also unquestioned. Many cases may be supposed wherein it would not only be the right of the judge to do so, but it would be his duty in the interest of justice and to promote the sub- stantial rights of the parties. To justify this court in inter- fering with and controlling the action of the trial courts in proceedings of this nature it would require a clear showing that the act complained of was an abuse of discretion. In this case no such showing has been made; on the contrary, from an in- spection of the petition and the return thereto, it would ap- pear that the order of the court complained of, under the cir- cumstances, was one very proper to be made.

Writ denied.

Harrison, J., Garoutte, J., Temple, J., and Henshaw, J., con- curred.