[S. F. No. 9951. In Bank.—January 4, 1922.]

# C. S. HOUGHTON, Petitioner, v. SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

[1] TRIAL—CONTINUANCE—PENDENCY OF APPEAL—VALIDITY OF JUDGMENT—DISCRETION.—Where the trial of an action involves the consideration of a previous judgment rendered between the parties to the action, which, if final, would be *res adjudicata* on some or all of the issues involved in the trial, the trial court in the exercise of a sound discretion may continue the trial of the case until the final adjudication of the matter in the other action.

APPLICATION for a Writ of Mandamus to compel the Superior Court to proceed with the trial of an action. Denied.

The facts are stated in the opinion of the court.

Courtney L. Moore for Petitioner.

Fitzgerald, Abbott & Beardsley for Respondents.

WILBUR, J.—The petitioner seeks a writ of *mandamus* to require the respondent Dudley Kinsell, judge of the superior court, to proceed with the trial of an action entitled *C. S. Houghton* v. *Franklin A. Kales*. That action is one to recover $2,538.60, the balance due upon a promissory note of F. A. Kales for $3,538.60. The defendant Kales, by way of setoff, pleads a joint judgment in favor of F. A. Kales and Jasper S. Connell for $36,230.59, upon which $8,039.38 has been paid. The case came on for trial March 9, 1921. Thereupon counsel announced that they were ready to proceed.

Upon the trial it was stipulated that no part of the promissory note sued upon by the plaintiff had been paid except the sum of one thousand dollars. This stipulation in the absence of any setoff would entitle the plaintiff to a judgment for the full amount claimed. Thereupon the defendant offered in evidence the judgment pleaded as a setoff. Plaintiff objected to the introduction of this judgment on the ground that it was not a final judgment, and the court sustained said objection on the ground that an appeal from

said judgment was then pending and undetermined. Thereupon the defendant moved for a continuance of the trial, pending the final decision of the case on appeal, upon the ground that the judgment pleaded as a setoff is not final because an appeal is pending therefrom and because the plaintiff objects to the introduction of the judgment or the consideration of it as a setoff while the appeal is pending. The plaintiff objected to the continuance upon the ground that at the time of the filing of the action and at the time of the trial the defendant had no defense and that the court is without jurisdiction to grant the continuance. The lower court thereupon granted the motion and continued the trial until June 6, 1921, at 10 o'clock A. M. On June 6, 1921, and thereafter from time to time, the trial has been continued over the objection of the plaintiff pending the determination of the appeal.

The petitioner, therefore, seeks a writ of mandate to compel the trial court to proceed with the trial and thus enable him to secure a judgment for $2,538.60, together with interest at six per cent from June 21, 1916, against the defendant, who holds a judgment for nearly ten times that much against him. It is obvious that the action of the trial court was in furtherance of justice and the proper exercise of discretion, if authorized by law. The action of the trial court is amply sustained by authority. In the case of *Smith* v. *Jones*, 128 Cal. 14, [60 Pac. 466], a petition for writ of *mandamus* was sought in this court to compel a judge of the superior court to render judgment in an ejectment suit. The defendant in that case pleaded the rendition of a prior judgment between the same parties wherein said defendant was adjudged the owner of the premises; that an appeal had been taken from the judgment and remained undetermined. Upon the trial of that action plaintiffs had offered evidence in support of their complaint and demanded judgment according to the prayer of their complaint, but the defendant asked that the cause be stayed until the judgment pleaded in his answer should become final. The motion was granted, the submission of the case set aside, and all proceedings stayed until the further order of the court. In determining the matter this court in Bank said:

"The jurisdiction of the trial court in a case like the one recited is unquestioned, and the power of the court in a

proper case to set aside a submission and postpone final determination is also unquestioned. Many cases may be supposed wherein it would not only be the right of the judge to do so, but it would be his duty in the interest of justice and to promote the substantial rights of the parties. To justify this court in interfering with and controlling the action of the trial courts in proceedings of this nature it would require a clear showing that the act complained of was an abuse of discretion. In this case no such showing has been made; on the contrary, from an inspection of the petition and the return thereto, it would appear that the order of the court complained of, under the circumstances, was one very proper to be made.''

In the case of *Brown* v. *Campbell,* 100 Cal. 635, [38 Am. St. Rep. 314, 35 Pac. 433], the court in Bank had under consideration an action to recover from trustees a surplus in the hands of such trustees derived from the sale of certain real property and being the balance due after satisfying the indebtedness for which the trust deed was given. The amount was claimed both by plaintiff, the record owner of the property, and by one Priest, who based his claim upon a judgment in an attachment suit against Joseph Brown and the claim that the conveyance from Joseph Brown to A. M. Brown, the plaintiff, of the attached property was in fraud of creditors. Plaintiff, A. M. Brown, pleaded in bar of the right of the defendant Priest a judgment rendered November 24, 1888, in an action wherein Priest was plaintiff and Brown defendant, wherein it was adjudged that the conveyance made by Joseph Brown to A. M. Brown was not made with intent to hinder, delay, or defraud creditors. The defendant pleaded the pendency of that action in abatement. The latter plea was stricken out on plaintiff's motion.

In ruling on the questions thus presented the court in Bank stated:

''That judgment was not a bar to the matters alleged in the defendant's answer as a defense, nor to the same matters set out in the cross-complaint, and upon which he demanded the relief given him by the court below. It had not become final when the cross-complaint was filed, nor yet when the action was tried, and the doctrine of *res adjudicata* only applies to final judgments. The time to appeal from the judgment of November 24, 1888, had not expired when the

cross-complaint was filed, and, although no appeal had been taken therefrom, the action was still pending within the legal meaning of that term (Code Civ. Proc., sec. 1049), and the judgment was not a bar to a retrial of the matters alleged in the cross-complaint, under the rule announced by this court in *Harris* v. *Barnhart,* 97 Cal. 546, [32 Pac. 589]; *Naftzger* v. *Gregg,* 99 Cal. 83, [37 Am. St. Rep. 23, 33 Pac. 757]; *Estate of Blythe,* 99 Cal. 472, [34 Pac. 108].

"But, while the judgment in *Priest* v. *Brown et al.* was not for the reason stated a bar to the cause of action alleged in the cross-complaint, still the pendency of that action would have been good ground for the continuance of this until the final determination of the former action, or would have been a sufficient basis for an order dismissing the present action upon motion of the plaintiff, notwithstanding the affirmative relief demanded by the defendant Priest in his cross-complaint, and the refusal of the court to have granted either of such motions would, perhaps, have been erroneous; but no such motion was made by the plaintiff, and the trial proceeded without objection, the plaintiff still insisting upon the judgment in *Priest* v. *Brown et al.* as an estoppel, and as ground for a judgment in his favor. Under these circumstances we cannot say that the court erred in proceeding to the trial, although it might well have continued the case of its own motion until the final determination of the former action."

It will be observed that the judgment in the former action was pleaded by one side as a bar and by the other in abatement. The court proceeded to render final judgment in favor of Priest, who had pleaded the judgment in abatement, consequently the failure to abate the action on his plea was not prejudicial to him, so that the question considered on appeal was the duty of the trial court with reference to the plea of the judgment in bar, and it is suggested that, although the plaintiff did not request a continuance, the court might well have continued the case of its own motion. The same day that the supreme court affirmed the judgment in *Brown* v. *Campbell,* it also affirmed the judgment in *Priest* v. *Brown,* 100 Cal. 626, [35 Pac. 323], thus, in one day affirming a judgment holding that a conveyance from A. M. Brown to Joseph Brown was fraudulent and void (*Brown* v. *Campbell, supra*) and a judgment that it was

valid (*Brown* v. *Priest, supra*). Upon the going down of
the *remittiturs* in these two cases, Brown moved for an
order setting aside the judgment and granting a perpetual
stay of execution upon the theory that the first judgment
rendered, that in the case of *Priest* v. *Brown, supra,* should
control. The supreme court, in Department One, in passing
upon this claim (*Brown* v. *Campbell,* 110 Cal. 644, [43 Pac.
12]), held that because of the failure of the plaintiff Brown
to secure a continuance of the case of *Brown* v. *Campbell,
supra,* and because of preventing Priest from securing a
judgment in abatement by having that defense stricken out
of his answer, he could not have the relief asked, but was
bound by the judgment in *Brown* v. *Campbell, supra.*

From the foregoing decisions it is clear that a judgment
which would be *res adjudicata* of matters involved in an
action may be availed of during the pendency of an appeal
from such judgment, either by a plea in abatement upon
proof of which a judgment may be rendered that the action
abate (*Connor* v. *Bank of Bakersfield,* 174 Cal. 400, [163
Pac. 353]), or by a continuance of a second action until
the result of the appeal has been determined (*Brown* v.
*Campbell, supra,* and *Smith* v. *Jones, supra*).

The petitioner here relies upon the case of *Dunphy* v. *Belden,* 57 Cal. 427. In that case a writ of *mandamus* was
sought to compel the trial of the issues in a case then pending in the superior court. The court there said: " . . . it
appears that the issues awaiting trial in the court below
have been formed in a new and independent action, to the
complaint in which a plea of the pendency of another action
has been interposed. It will be observed that it is no part of
our duty now to decide whether or not the plea is maintainable." Upon the authority of *Avery* v. *Superior Court,* 57
Cal. 247, it was held that the trial court had no power or discretion to refuse to try the action until the conclusion of the
action pending. Justices Thornton and Morrison dissented,
saying: "Certainly the court below is invested with the discretion to postpone the trial of the cause last named until the
former appeal is determined in this court, thus saving expense to the parties. If the party appealing should fail to
bring on the hearing on this appeal within a reasonable time,
the court would and should proceed to hear the cause, and
no doubt would do so. The order of the court below merely

postpones the hearing of the cause, but it is in the power
of the court to order a trial at any time, and no doubt it
would do so on a showing of facts indicating such a course
to be proper.''

It thus appears that the court was divided as to whether
it was the duty of the trial court to proceed and determine
the plea in abatement as held by the majority or whether the
case might be continued until the determination of the ac-
tion thus pleaded in abatement, as held by the minority.
The decision of the majority of the court in *Dunphy* v.
*Belden, supra,* is in effect overruled by the case of *Smith* v.
*Jones, supra,* decided by the court in Bank in March, 1900,
for there the action of the trial court in continuing the case
rather than rendering a judgment of abatement was ap-
proved and a writ of *mandamus* refused. [1] In any
event, we now expressly overrule the case of *Dunphy* v. *Bel-
den, supra,* and hold that where the trial of an action in-
volves the consideration of a previous judgment rendered be-
tween the parties to the action, which, if final, would be *res
adjudicata* on some or all of the issues involved in the trial,
that the trial court in the exercise of a sound discretion may
continue the trial of the case until the final adjudication of
the matter in the other action. It follows that the respond-
ent in this case was justified in its order postponing the trial
of the action of *Houghton* v. *Kales* until the determina-
tion of the former action on appeal, for if the judgment in
the former action is affirmed on appeal and is a proper set-
off, it would follow that the plaintiff is not entitled to the
judgment which he seeks to secure by forcing this action to
judgment before that appeal can be determined.

Writ denied.

Richards, J., *pro tem.,* Waste, J., Shaw, C. J., and Lennon,
J., concurred.

SLOANE, J., Concurring.—I concur in the decision, al-
though I am of the opinion that the trial court was in error
in excluding the judgment pleaded by defendant as a setoff
and should have admitted it in evidence and proceeded with
the trial, since, although an appeal had been taken from the
judgment, no stay bond had been filed, and, under section
942 of the Code of Civil Procedure, the judgment continued

in effect for all purposes of its enforcement, and defendant
had a right to use it as a setoff against the plaintiff's claim
(*Dowdell* v. *Carpy,* 137 Cal. 33, [70 Pac. 167]; *Sewell* v.
*Price,* 164 Cal. 265, [128 Pac. 407]). However, as it was ex-
cluded from evidence upon petitioner's objection that it had
not become final, he is not in a position to protest a post-
ponement of the trial to await the determination of the ap-
peal.