[L. A. No. 11630.   In Bank.—June 26, 1931.]

In the Matter of the FARMERS AND MERCHANTS BANK OF IMPERIAL (a Banking Corporation), in Liquidation.

Chas. L. Childers and D. B. Roberts for Appellant.

Albert A. Rosenshine, Elbert W. Davis and J. H. Hoffman for Respondent.

PRESTON, J.—Treating the petition herein as one in mandate, the action of the court below in denying it seems clearly correct and its order is hereby affirmed.

We may do this without a discussion of the contention that the petition is but an effort to modify a previous appealable order that had become final; hence the present order denying the petition was not appealable. We may also dispose of the cause without a discussion as to whether the so-called bankruptcy rule or the so-called chancery rule obtains in this state in bank liquidation proceedings where

dividends upon the claims of general and partially secured creditors of the bank are involved.

The underlying facts of the present controversy are as follows: On October 10, 1927, respondent Will C. Wood, then superintendent of banks for the state of California, closed the doors of Farmers and Merchants Bank of Imperial and took possession of its propetry and business under the provisions of section 136 of the Bank Act of the state of California. (Deering's Gen. Laws 1923, Act 652.) Said respondent at all times herein has been and now is proceeding to liquidate the affairs of said bank and is administering them for the benefit of depositors and creditors thereof.

Petitioner and appellant, Imperial Irrigation District, on the above-mentioned date, had on commercial deposit in said bank approximately $54,547.62 and its claim for that sum was regularly approved as a legitimate claim against said bank. Appellant, however, before making said deposit, had exacted from said bank, as security therefor, United States Liberty bonds of the par value of $50,000. After this controversy arose it appears that appellant collected said bonds and received on account thereof the sum of $51,062.50, which it · still retains. When appellant's claim for the above amount of said deposit was approved, it was with notice that respondent denied the validity of said pledge of securities, with a demand for the surrender of the bonds or proceeds thereof to him. Appellant refused this demand whereupon respondent instituted in the Superior Court of Imperial County an action to recover said assets from appellant, which action is still pending and undetermined. On April 28, 1928, respondent petitioned the superior court of said county for authority to pay a fifteen per cent dividend to depositors of said bank and with respect to the claims of this appellant he alleged the following: "That a claim was filed against the commercial department of said bank by Imperial Irrigation District, a corporation, for $54,547.62; that said claim has been allowed, but claimant is claiming certain security therefor, and an action to determine the rights of the parties is now pending; that your petitioner does not desire to pay any dividend upon said claim until after said action is determined."

The court, on said April 28, 1928, gave the order prayed for and, after declaring authority to pay the dividend, concluded as to appellant's claim, which was number 433, with

the following language: "excepting only that no dividends be declared or paid upon the claim of Imperial Irrigation District claim No. 433 until further order of this court". This order was not appealed from and became final. On October 9, 1928, the present proceeding was instituted by appellant to compel the payment to it of the full fifteen per cent dividend on the whole of its claim. An order to show cause was granted but on the hearing the order was discharged and the petition denied. This action is under review upon this appeal.

The action of the court in withholding payment to appellant of said dividend, upon the showing made, seems clearly to have been a wise use of its descretion. To apply the bankruptcy rule contended for by respondent would be to pay appellant a fifteen per cent dividend upon the balance due upon its claim after the proceeds of the security taken had been applied thereon but to apply the equity rule contended for by appellant would be to allow it a fifteen per cent dividend upon the full original amount of its claim, regardless of collateral, except that it could in no case receive more than the full amount of its demand. (*Merrill* v. *National Bank,* 173 U. S. 131 [43 L. Ed. 640, 19 Sup. Ct. Rep. 360].)

If respondent should prevail in his contention, the question put forth in appellant's petition would become immaterial and moot for appellant would in such case be but a general creditor; again, if respondent's position be sound, appellant would then have in its possession the sum of 51,000-odd dollars belonging to respondent and it would be manifestly improper to make a payment of a dividend to a party withholding funds belonging to the trust estate. On the other hand, if appellant should prevail in its contention as to the right to retain said securities or the proceeds thereof, the fifteen per cent dividend upon the entire claim of 54,000-odd dollars would yield a larger sum than the total amount of appellant's claim.

It is, therefore, clear that from every standpoint the issue in the action pending between the parties to settle the rights to said securities or the proceeds thereof, is a material factor to be considered by the court in ruling upon the matter of payment of dividends. (*Houghton* v. *Superior Court,* 187 Cal. 661 [203 Pac. 765].) If, after a final determination of the pending cause, the question of application of the chan-

cery as distinguished from the bankruptcy rule, should become important, it can be disposed of at that time; hence the above ruling.

Shenk, J., Seawell, J., Richards, J., and Langdon, J., concurred.