RAMÓN TORRES PÉREZ, Plaintiff and Appellee, *v.* EVELINA CABRERA CABRERA, Defendant and Appellant.

No. 10634. Argued September 1, 1952.—Decided September 17, 1952.

*Mario Báez García* for appellant. *José M. Dávila Monsanto* for appellee.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

On March 28, 1950 Ramón Torres Pérez filed an action of divorce against his wife Evelina Cabrera Cabrera, in the District Court of Guayama. The alleged cause was separation for three years. Appellant filed a motion of *litis expensas*, with plaintiff's objection. A hearing was held on said motion and the court *a quo* finally overruled it. On October 17, 1950 defendant filed her answer to the complaint, alleging, among other points, that the complaint was premature inasmuch as it was filed before a decree rendered by the extinct District Court of Guayama, had become final, in a divorce suit between the same parties and for the same cause of action. This decree was rendered on March 15, 1950.

On the date set, April 9, 1951, the case was heard on the merits and at the commencement of the hearing both parties stipulated that they submitted the case on the whole evidence introduced during the hearing on the merits of the previous divorce suit, defendant accepting that from the filing of the complaint in the former case until the filing of the complaint herein, both spouses had been separated for more than three years, continuously and uninterruptedly, but the defendant raised again her allegation to the effect that the complaint in the instant case should be dismissed because it was prematurely filed insofar as it was filed before the decree in the first action had become final.

The court *a quo* rendered judgment sustaining the complaint and overruling defendant's plea in abatement in which she alleged that an action was pending between both parties. As to this last point, the lower court concluded that defendant could not appeal from the judgment rendered in the first case, since there the complaint was dismissed and she was not a party aggrieved by the judgment and that, therefore, plaintiff could file a new action at any time from March 15,

date of the first judgment, thenceforth, **irrespective of** whether said first judgment was final or not.

Defendant has appealed to this Court making the following assignments:

"1. The District Court of Puerto Rico, Guayama Section, committed manifest error of fact and of law in overruling the motion of *litis expensas;*

"2. The District Court of Puerto Rico, Guayama Section, committed manifest error of fact and of law in overruling the defense that the complaint was premature; and

"3. The District Court of Puerto Rico, Guayama Section, committed manifest error of fact and of law in sustaining the complaint in all its parts."

█ The first assignment, as to the overruling by the lower court of the motion of *litis expensas*, does not deserve serious consideration. Said decision regarding the motion of *litis expensas* is not appealable to this Court under § 102 of our Civil Code, 1930 ed., and, therefore, can not be considered collaterally in this appeal from the decree rendered in the action of divorce. (*Cf. Vilaró v. Puig*, 59 P.R.R. 577.)

█ As to the other assignments, they refer to defendant's motion that there was an action pending between both parties. Section 105, paragraph 3, of our Code of Civil Procedure. From the findings of fact formulated by the court *a quo* (not challenged by appellant) the following appears:

Both parties were married on February 10, 1946 and until March 28, 1950, date when the complaint in the instant case was filed, they were separated for over three years pursuant to the provisions of the law. On March 15, 1950 the District Court of Guayama had dismissed an action for divorce presented by plaintiff herein against defendant, on the alleged ground of separation.

Upon the filing of the complaint in the case at bar, the decree rendered in the first action was not yet final, and

therefore, the first action was still pending. Section 348 of our Code of Civil Procedure provides as follows:

"Section 348.—An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied."

In general terms, a complaint should be dismissed if there is another action pending between the same parties for the same cause—*Sevilla* v. *Vélez*, 71 *D.P.R.* 390; *Muñoz* v. *Solá* 48 *D.P.R.* 760; § 105, paragraph 3, Code of Civil Procedure —and the dismissal on said ground lies if the decree in the previous case is not yet final. *Brown* v. *Campbell*, 100 Cal. 635, 647; *Harris* v. *Barnhart*, 97 Cal. 546; *Houghton* v. *Superior Court*, 187 Cal. 661, 203 Pac. 765.

It might be alleged that since the complaint in the first action was dismissed, defendant was not a party aggrieved and therefore she could not appeal— § 294, Code of Civil Procedure—and since only plaintiff could appeal from the first judgment, he waived that right upon filing the second suit, the first decree becoming thereby final. That was the holding of the lower court. But we need not pass on that question, since the judgment rendered in the instant case is supported on other grounds. When the answer in this case was filed, on October 17, 1950, and the hearing held on April 9, 1951, the decree rendered in the previous case had already become final and the first action was no longer pending, therefore, the complaint in the case at bar could not be dismissed on the ground that there was an action pending. The definite termination of the first action even after the filing of the motion for dismissal on the ground that there was another action pending, is sufficient to defeat such claim and to justify the overruling of the motion for dismissal, if the previous action has definitely terminated before the hearing on the merits in the second action. 118

A.L.R. 1477, 1480, 1482; *Dyer* v. *Scalmanini,* 69 Cal. 637, 640; *McDougald* v. *Hulet,* 132 Cal. 154; *Rudneck* v. *Southern California M. & R. Co.,* 184 Cal. 274.

The judgment appealed from will be affirmed.

Mr. Chief Justice Todd, Jr., did not participate herein.