Trinity County v. McCammon et als.

# TRINITY COUNTY v. JOHN McCAMMON, WILLIAM QUINE, JAMES EDGCOMB, AND JOHN MUSSER.

|25 117|
|114 246|

SUPERVISOR—TERM OF.—One who has held the office of Supervisor is, after the expiration of his term, and the election and qualification of his successor, no longer an officer, either *de jure* or *de facto*, but if he attempts to act as such, is a mere naked usurper.

PROPER DEFENDANTS IN ACTION TO ENJOIN SUPERVISORS.—Where a Board of Supervisors consists of three members, at least two of them should be made defendants, in an action brought to enjoin the Board from purchasing property for the use of the county.

COMPLAINT IN ACTION TO ENJOIN SUPERVISORS.—In such case, if the complaint does not aver that at least two members of the Board are about to make an order for the purchase, and for a warrant to be drawn on the Treasury for payment, it does not state facts sufficient to authorize an injunction to be granted.

COUNTY WARRANTS—WHEN VOID.—A warrant drawn by the Auditor on the Treasurer of a county without having been ordered by a majority of the Board of Supervisors, is void; and should the Treasurer pay such warrant he would be liable to the county on his official bond.

OPINION OF COURT APPLIES TO FACTS IN RECORD.—When an appeal is taken from an order granting a preliminary injunction, and the order is reversed, the opinion of the Court will not apply to any new state of facts which may appear in the record, or an appeal from the final judgment.

APPEAL from the District Court, Ninth Judicial District, Trinity County.

The complaint averred that defendant Musser was Treasurer of Trinity County, and that there was then in the County Treasury about seven thousand dollars, raised and set apart by authority of law, for the special purpose of building or purchasing suitable buildings for a County Court-house and jail; that defendant McCammon was elected a Supervisor in November, 1860, and that his term of office expired on or before November 16th, 1863; that A. J. Price was elected his successor at the general election in the fall of 1863, and duly qualified on or before the 9th day of December following, and that the present members of the Board were defendant Quine, Henry Martin, and said Price; that notwithstanding McCammon's term of office had expired and his successor had been elected and qualified, yet he still pretended that he was one of the Supervisors; that on the 19th day of December, 1863, defendants McCammon and Quine, and Henry Martin, met as

a Board of Supervisors, and by the votes of McCammon and Quine, (Price voting against it,) made an order for the purchase of a building from defendant Edgcomb for a Court-house, and also directed the Auditor to draw his warrant on the Treasurer for the sum of about three thousand eight hundred dollars in favor of Edgcomb, payable out of the building fund, for the same; that three appraisers had been appointed to view and appraise the building, and had reported that it was unsuitable for the purpose of a Court-house; that the purchase was about to be made, and the warrant about to be issued by the Auditor and paid by the Treasurer. The usual prayer for an order enjoining the purchase, and the issuing and payment of the warrant, was inserted.

The complaint was filed on the 21st day of December, 1863, and on the same day an injunction was granted by the County Judge. The defendants Edgcomb, McCammon, and Quine, answered, and on the 23d day of January, 1864, moved to dissolve the injunction before the District Judge at chambers. The motion was denied.

*George Cadwalader*, for Appellant.

The bill is radically defective in joining a charge against one of the Supervisors for usurpation of office, and a charge against the Board that they had agreed to purchase unsuitable county buildings.

*E. F. Allen*, *District Attorney*, for Respondent.

The two chief points in this case are : First—John McCammon is not a Supervisor of this county, and by falsely pretending to be, he is trying to get the Building Fund paid over to James Edgcomb for a building that would be utterly worthless to the county for a Court-house, and if the money once passes out of the county's possession, no matter what the final decision may be on the hearing of the case, the cash would be out of reach or hope of recovery.

By the Court, SHAFTER, J.

This is an appeal from an order refusing to dissolve an injunction.

The injunction was improperly granted, and therefore the Court erred in overruling the motion to dissolve. The difficulty with the case made in the complaint is, that it has not too little, but too much strength.

Assuming the allegations of the complaint to be true, McCammon is Supervisor, neither *de jure* nor *de facto;* on the contrary, he bears no other character than that of a naked usurper. As to Quine, the complaint charges that he is a member of the Board, and the affidavits used in support of the motion to dissolve do not deny the averment. As to Edgcomb, he is not represented in the complaint as having, or as pretending to have, any official character whatever, but he is brought in simply as the owner of a building which he is seeking to sell to the county for a Court-house.

As to defendant Musser, the complaint charges that he is County Treasurer of Trinity County, and as such has in his possession the money belonging to the "Court-house Fund."

It is further stated that, at the filing of the complaint, the Board of Supervisors of the County of Trinity was in fact composed of the defendant Quine, and A. G. Price and Henry Martin, neither of whom is made a party.

The bill, then, was filed for the purpose of restraining Edgcomb from selling his builing to the County of Trinity, and to restrain one Supervisor only, out of three, from making the purchase.

To guard against the purchase effectually, the action should have been brought against two members of the Board at the least. The co-operation of McCammon with Quine in the matter of the threatened purchase, does not vary the matter, for McCammon was a mere pretender by averment, and in view of the Act of March 31, 1857, (Wood's Dig. 697,) we consider that he was a pretender in fact.

At the expiration of the time for which McCammon was

elected to the office of Supervisor, his right ended; and further, he was stripped of all color of right thereafter by the act and operation of a public law. The impotency of Quine to buy could not be aided by the alleged alliance between him and McCammon.

But if the charges were made against those who constitute the Board of Supervisors, in an action brought for the purpose of restraining them from making the purchase in question, there is great doubt whether the action could be maintained. Boards of Supervisors under the general law (Wood's Dig. 694, sec. 9) have no power to purchase real property on behalf of the counties they represent, except where the value of the property has been previously estimated by three disinterested persons appointed for that purpose by the County Judge. This important check has not been removed by the Act of 1863, (Stats. p. 55,) authorizing the Board of Supervisors of Trinity County to levy a tax for a county " Building Fund." It is true that in that case three persons were appointed by the County Judge to estimate the value of the building in question; but instead of reporting an estimate of value they reported that the building was in their judgment wholly " unsuitable for a Court-house." Under such circumstances the members of the Board of Supervisors would themselves be as powerless to make the purchase as any or all of the present defendants.

The bill, then, cannot be maintained, for the reason that the purpose of Quine and McCammon to purchase in the name of Trinity County the building named, for a Court-house, is one that is impossible of accomplishment. No irreparable damage, and no damage at all, can result to the county if Quine and McCammon are left to follow their own devices. (De Witt et als. v. Hays, 2 Cal. 463 ; Robinson v. Gaar, 6 Cal. 275.) There is no defect so fatal as a want of power.

From what has been said, it follows that, if Quine and McCammon should make the purchase of Edgcomb, and draw on the Treasurer in his favor for the purchase money, the order would be void on its face, as having been drawn by parties

who have no control over the public money. And should the Treasurer pay the money on such order, the county would have a perfect remedy at law by action on his official bond.

The order appealed from is reversed, and the Court below is directed to dissolve the injunction.

By the Court, SHAFTER, J., on petition for modification of opinion.

Since the decision of the appeal taken in this action a petition has been presented on the part of the appellant, asking not for a rehearing, nor for any modification of the judgment, but for a modification of the opinion, on the ground that the opinion is to some extent *obiter;* and on the further ground that the Court has misapprehended the contents of the report made by the committee appointed by the County Judge to pass on the value of the building owned by Edgcomb, and which he proposed to sell to the county.

In so far as the opinion passes upon any question not necessary to the decision of the appeal, it will interpose no obstacle to a re-investigation of such question upon its merits in any case that may hereafter come to this Court in which the point shall be directly presented. In so far as the misapprehension of the contents of the committee's report is concerned, the document, as such, was not in the transcript, and we were therefore justified in assuming that it had no contents, *aliunde* the contents set out in the proceedings. Any case coming here hereafter showing that the report comprehended topics other than those to which the present record confines it, will be a case, to that extent, different from the present, and of course one to which the opinion in this case cannot be considered as having any just application.

Petition denied.