[No. 15937. Department One.—December 31, 1895.]

# A. M. BROWN, APPELLANT, *v.* H. C. CAMPBELL ET AL., APPELLANTS. JOHN G. PRIEST, RESPONDENT.

CONFLICT OF JURISDICTION—PRIORITY—IDENTITY OF TRIBUNAL.—The rule that the judgment of a court which first acquires jurisdiction of the subject matter of a cause of action and of the parties thereto, will prevail over the judgment of another court whose jurisdiction was subsequently acquired, rests upon comity and the necessity of avoiding a conflict in the execution of judgments rendered by independent courts of distinct or concurrent jurisdiction; but this rule has no application to a case where the actions are brought in the same court and the judgments are rendered by the same tribunal.

ID.—SUPERIOR COURT OF SAN FRANCISCO—DEPARTMENTS—IDENTITY OF JURISDICTION.—There is but one superior court in the city and county of San Francisco, and all of the actions brought in that court are within the same jurisdiction, and the entire procedure from the commencement of the action to the execution of the judgment is in one court; and the jurisdiction over a cause, after it has been assigned by the presiding judge to one of the judges of the other departments of the court, remains in the same court, and neither the judge to whom it has been assigned, nor the department over which he presides, has any jurisdiction distinct from that of the court in which the action is pending.

ID. — DEFENSES — PENDENCY OF PRIOR ACTION — ESTOPPEL OF FORMER JUDGMENT—PLEADING.—In an action brought in the superior court of the city and county of San Francisco, if the defense of a prior action pending in another department of the same court, for the same cause, or of the estoppel of a former judgment rendered therein, is not pleaded when such defense is available to the defendant, he cannot, after an adverse judgment, avail himself of such defense.

ID.—ISSUE OF PRIOR ACTION PENDING—JUDGMENT—ABATEMENT.—Upon a plea of a prior action pending for the same cause, if the issue is tried and found against the plaintiff the judgment of the court should be that the action should abate, and the rights of the parties must be determined by the judgment in the former action.

ID.—PLEA OF FORMER JUDGMENT—TIME FOR APPEAL—PRACTICE—PLEADING.—Where a judgment is ineffectual as evidence under a plea of a former adjudication, until the time for an appeal therefrom has expired, the true course of the defendant in such case is to plead the pendency of the former action in abatement until the judgment therein becomes final, when the judgment may be pleaded in bar of the action by supplemental answer.

ID. — EFFECT OF JUDGMENT IN PRIOR ACTION PENDING — CONTINUANCE — DISMISSAL OF SECOND ACTION. — If a judgment rendered in a prior action for the same cause has not become final, the pendency of the prior action after judgment is a good ground for the continuance of the subsequent action until the final determination of

the former action, or would be a sufficient basis for an order dismissing the subsequent action upon motion of plaintiff.

ID.—DOUBLE JUDGMENT AGAINST STAKEHOLDERS—FAILURE TO SUSTAIN DEFENSE — STAY OF EXECUTION UPON SECOND JUDGMENT. — Where stakeholders, instead of paying the money into court for purposes of interpleader, abandon their position as stakeholders and defend against the right of one of the parties to receive any of the money, they cannot claim the consideration due to a stakeholder, and if, in two separate actions against them, judgment is rendered in favor of each of the claimants of the money, in the absence of any plea of a prior action pending for the same cause, they are in the position of a litigant who has failed to sustain his defense, and cannot obtain an order in the second action setting aside the judgment or granting a perpetual stay of execution thereon on account of a former judgment in favor of the other claimant rendered in a prior action between the same parties.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion to vacate a judgment, and for a perpetual stay of execution thereupon.   WILLIAM T. WALLACE, Judge.

The facts are stated in the opinion of the court.

*James A. Waymire, H. C. Campbell, W. T. Baggett,* and *R. Percy Wright,* for Appellants.

The court which first acquires jurisdiction of the subject matter and of the parties, retains it to the exclusion of all other courts until the complete determination of the controversy, and the judgment of such court, when final, is conclusive between the parties and upon all other tribunals as to that subject matter. (*Semple* v. *Hagar,* 27 Cal. 163; *Sharon* v. *Sharon,* 84 Cal. 430; *Parsons* v. *Lyman,* 5 Blatchf. 173; *Hines* v. *Rawson,* 40 Ga. 356; 2 Am. Rep. 581; *Peck* v. *Jenness,* 7 How. 621-25; *Withers* v. *Denmead,* 22 Md. 146; *Sharon* v. *Terry,* 13 Saw. 419; *Smith* v. *McIver,* 9 Wheat. 532–35; *Wallace* v. *M'Connell,* 13 Pet. 146–51; *Mallett* v. *Dexter,* 1 Curt. 178, 179; *Greenwood* v. *Rector,* Hemp. 708, 709; *The Ship Robert Fulton,* 1 Paine, 626, 627; *Union Ins. Co.* v. *Chicago etc.* 10 Biss. 195–97; Freeman on Judgments, 4th ed., sec. 118.) The cause of action asserted in *Priest* v. *Brown et al.* was merged in the judgment in that case when it became final, and the validity of the deed from Joseph

Brown to A. M. Brown was then *res adjudicata*. (Black
on Judgments, sec. 675; *Andrews* v. *Varrell*, 46 N. H.
18; *Estes* v. *Chicago etc. Ry. Co.* 72 Iowa, 235; Herman on
Estoppel, secs. 99–102, 120.) There was no opportunity
to plead the judgment in *Priest* v. *Brown et al.* in bar
of the action of *Brown* v. *Campbell* until the judgment
in the former case became final. (Code Civ. Proc., sec.
1049; *Harris* v. *Barnhart*, 97 Cal. 546; *Naftzger* v. *Gregg*,
99 Cal. 83; 37 Am. St. Rep. 23; *Estate of Blythe*, 99 Cal.
472.) A motion is the appropriate remedy under cir-
cumstances such as those disclosed in the case at bar.
(1 Freeman on Judgments, 4th ed., sec. 95; *Imlay* v.
*Carpentier*, 14 Cal. 177; *Baker* v. *Judges of Ulster*, 4
Johns. 191; *Wetmore* v. *Law*, 34 Barb. 517, 518; *Cooley*
v. *Gregory*, 16 Wis. 305.)

*T. Z. Blakeman*, for Respondent.

A party is not concluded by a judgment in a prior
suit where from the nature or course of the proceedings
he could not avail himself of the same means of defense
or of redress which are open to him in the second suit.
(1 Greenleaf on Evidence, sec. 524.) The cause of action
is said to be the same where the same evidence will
support both actions. (2 Black on Judgments, sec. 726;
*Taylor* v. *Castle*, 42 Cal. 370, 372; *Gray* v. *Dougherty*, 25
Cal. 266.) The true course of a defendant who desires
to avail himself of a judgment in an action on appeal
is to plead the pendency of the former action in abate-
ment until the judgment therein becomes final. (*Har-
ris* v. *Barnhart*, 97 Cal. 551; *Davis* v. *Perley*, 30 Cal. 636.)

HARRISON, J.—The case of *Priest* v. *Brown et al.*, in
which Joseph Brown and A. M. Brown were two of the
defendants, was commenced in the superior court for
the city and county of San Francisco, April 13, 1887,
and was tried in Department One of that court before
the Hon. T. K. Wilson, and judgment was rendered by
him in favor of the defendants, and was entered Novem-
ber 24, 1888. The action was brought for the purpose

of subjecting to sale, under the direction of the court, certain real property alleged to have been fraudulently conveyed by Joseph Brown to A. M. Brown, and the application of a portion of the proceeds thereof to the payment of a claim of the plaintiff against Joseph Brown. While that action was pending Henry C. Campbell and Thaddeus B. Kent, two of the appellants herein, who held the legal title to the property, sold the same, and A. M. Brown commenced the present action in the same court to recover from them two thousand five hundred and forty-nine dollars and fifty cents, the amount of certain surplus moneys in their hands, arising from the sale of said property. This cause was assigned to Department Six of that court. In their answer to the complaint Campbell and Kent alleged that Priest claimed the money, and asked that he be made a party defendant, and that thereupon they be permitted to pay the money into court, and be discharged of all liability therefor. Priest was thereupon made a party defendant to the action, and filed an answer to the complaint of the plaintiff, and also a cross-complaint, in each of which he alleged substantially the same facts as were alleged in the complaint in the action of *Priest* v. *Brown.* Thereafter the plaintiff united with the defendants Campbell and Kent in a motion to strike out this answer. This motion was granted May 9, 1889, and the case was afterward tried before the Hon. W. T. Wallace, who rendered judgment in favor of Priest, which was entered February 25, 1892. An appeal to this court was taken from each of these judgments, and the two appeals were heard together, and each of the judgments was affirmed December 30, 1893. (*Priest* v. *Brown,* 100 Cal. 626; *Brown* v. *Campbell,* 100 Cal. 635; 38 Am. St. Rep. 314.) Upon filing the *remittitur* in the superior court in the present case, the appellants moved that court for an order setting aside the judgment, or granting a perpetual stay of execution thereon. In support of the motion they presented to the court the records and papers on file in the two actions, and

urged as the grounds of the motion that, inasmuch as in the case of *Priest* v. *Brown et al.* judgment had been rendered in favor of A. M. Brown, the plaintiff herein, upon the same cause of action that is presented in this suit, and had been affirmed by the court, that judgment had become the final determination of the rights of the parties, and was not impaired by the subsequent judgment rendered in this action. The motion was denied, and the present appeal is from that order.

The rule invoked by the appellants, that the judgment of that court which first acquires jurisdiction of the subject matter of a cause of action and of the parties thereto will prevail over the judgment of another court whose jurisdiction was subsequently acquired, has no application to the present case. That rule rests upon comity and the necessity of avoiding a conflict in the execution of judgments rendered by independent courts, either of distinct or concurrent jurisdiction. But the rule itself, as well as the reason for its exercise, has no existence in a case where the actions are brought in the same court, and the judgments are rendered by the same tribunal. There is but one superior court in the city and county of San Francisco, and all of the actions brought in that court are within the same jurisdiction. (*White* v. *Superior Court, ante,* p. 60.) The assignment of causes to different departments does not take place until after the court has acquired jurisdiction of the cause, and is made in order to expedite the business of the court, by apportioning them to the several judges for trial and judgment. The jurisdiction over a cause, after it has been assigned by the presiding judge to one of the other judges for trial, remains in the same court, and neither the judge to whom it has been assigned, nor the department over which he presides, has any jurisdiction over the cause distinct from that of the court in which the action is pending. The entire procedure from the commencement of the action to the execution of the judgment is in one court, and there is no opportunity for conflict of jurisdiction, either

in pronouncing a judgment or in its execution after it has been rendered. When, therefore, a suit is commenced in that court upon a cause of action which is then pending before it in another suit, or which has already been carried into judgment, the procedure to be observed is the same as if the two actions were in a court with but a single judge before whom all causes therein were to be tried. If the defense of a pending suit, or the estoppel of a former judgment, is not pleaded when such defense is available to the defendant, he cannot, after an adverse judgment, avail himself of this defense which he neglected to plead when he had an opportunity to do so, any more than he could avail himself of any other defense which he had omitted to plead.

When the present action was commenced, the action of *Priest* v. *Brown et al.* was pending in the same court, and had not been tried. The main issue in that action was whether Priest had the right to subject the lands described in the complaint to the payment of his claim against Joseph Brown. After Priest had been made a defendant in the present action, at the instance of the appellants Campbell and Kent, he filed an answer in which he pleaded the pendency of the former action, and the identity of the issues and parties thereto with those in the present action. There was thus presented to the court for determination the precise question involved in this motion, and, if this issue had been tried and found against the plaintiff, the judgment of the court would have been that the action should abate; and the rights of the parties would have been determined by the judgment in the former action. Instead of taking this course, the appellants asked the court, and the court, at their instance, struck this defense from the answer of Priest, and the cause was tried upon the same issues as were presented in the former action, without any objection to a re-examination of them by the court. It is too clear for argument that the appellants cannot, after an adverse judgment upon issues of their own selection and framing, interpose a defense to the en-

forcement of that judgment, which they had an opportunity to present for the purpose of defeating the respondent's claim, but which they industriously sought not to have presented to the court for its judgment thereon.

When this cause was here upon the former appeal, the appellants urged the reversal of the judgment because of the prior judgment in the case of *Priest* v. *Brown,* which they had pleaded as a bar to any further litigation of the issue then determined. In holding that this plea of a former judgment was unavailing, for the reason that the judgment had not become final, the court said: " But while the judgment in *Priest* v. *Brown et al.* was not for the reason stated a bar to the cause of action alleged in the cross-complaint, still the pendency of that action would have been a good ground for the continuance of this until the final determination of the former action, or would have been a sufficient basis for an order dismissing the present action upon motion of the plaintiff, notwithstanding the affirmative relief demanded by the defendant Priest in his cross-complaint, and the refusal of the court to have granted either of such motions would perhaps have been erroneous; but no such motion was made by the plaintiff, and the trial proceeded without objection, the plaintiff still insisting upon the judgment in *Priest* v. *Brown et al.* as an estoppel, and as ground for a judgment in his favor." In *Harris* v. *Barnhart,* 97 Cal. 546, it was said: " Where a judgment is ineffectual as evidence in a plea of former adjudication until the time for an appeal therefrom has expired, the true course of a defendant in such a case would be to plead the pendency of the former action in abatement, until the judgment therein became final, when a supplemental answer averring the proper facts in bar of the action would be in order."

The appellants, Campbell and Kent, urge that, as they are mere stakeholders, they are liable to suffer by reason of the different judgments in the two causes. If, however, they had retained their position as stake-

holders, and had complied with the offer made in their original answer to the complaint of the plaintiff by paying the money into court, they would then have been entitled to a judgment discharging them from further liability therefor, but, after Priest had been brought into the action at their instance, they abandoned their position as stakeholders, and defended against his right to receive any of the money. Having thus assumed a position antagonistic to Priest, they cannot claim any of the consideration due to a stakeholder, but are in the position of any other litigant who has failed to sustain his defense.

The order is affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.