[L. A. No. 159. Department One.—September 16, 1896.]

## VENTURA COUNTY, Appellant, *v.* HENRY CLAY, County Treasurer, et al., Respondents.

County Officer—Treasurer—Moneys Unlawfully Expended—Plead-
ing.—In an action upon the official bond of a county treasurer to re-
cover for money alleged to have been unlawfully paid out by him from
the treasury, an allegation of an allowance by the board of supervisors
of a claim against the county "for assisting the recorder and auditor of
said county in the performance of the duties of his office," sufficiently
shows the illegality of the claim; and a further allegation that the
treasurer paid a warrant drawn for the amount of the claim is sufficient,
in the absence of anything appearing to the contrary, to authorize the
presumption, under section 114 of the County Government Act, that
the warrant showed on its face the illegality of the claim for which it
· was drawn. .

Id.—Action on Bond.—Such an action is based upon a written contract,
and not upon a penal statute.

Id.—Jurisdiction of Superior Court.—The superior court has jurisdic-
tion of such an action, where the aggregate amount sued for is three
hundred dollars and over, although the amount claimed in each count
of the complaint is less than that sum.

Appeal from a judgment of the Superior Court of
Ventura County. B. T. Williams, Judge.

The facts are stated in the opinion.

*H. L. Poplin,* for Appellant.

*Orestes Orr, Barnes & Selby,* and *Blackstock & Ewing,*
for Respondents.

VANCLIEF, C.—This appeal is from a judgment in favor of defendants on demurrer to the complaint; and whether or not the lower court erred in sustaining the demurrer is the only matter in controversy.

The defendant Clay was elected to the office of treasurer of said county for the term commencing on the first Monday in January, 1893, and the other defendants are sureties on his official bond for that term, and this action is upon that official bond to recover money alleged to have been unlawfully paid out from the treasury of said county by Clay during said term of office.

The complaint consists of thirty-eight counts, each charging the payment of a distinct sum of money from the treasury without authority of law, the sums charged to have been so paid out aggregating nearly four thousand dollars. The only substantial differences in the counts are that the several payments are alleged to have been made at different times, and that all were not made to the same person, but a portion thereof to different persons and for different kinds of service. That part of the first count, to which alone the demurrer applies, is substantially a sample of that part of each of the other counts to which the demurrer is applicable, excepting the aforesaid differences which are not material to the merits of the demurrer, and is as follows:

" That on or about the eighth day of March, 1894, F. E. Smith filed a claim against the county for three-fifths of a month's service during the month of February, 1894 for the sum of sixty dollars, which services were performed, as plaintiff is informed and believes, and so alleges the fact to be, in assisting the recorder and auditor of said county in the performance of the duties of his office; and the board of supervisors of said county, on or about the said eighth day of March, 1894, without any authority of law, and when the said claim was not a legal charge against the said county, allowed said claim, and thereupon the auditor of said county drew a warrant in favor of said F. E. Smith, for said sum of

sixty dollars, on the treasury of said county without any authority of law, and the said F. E. Smith presented the same to the said Henry Clay as treasurer of said county, which warrant the said treasurer then paid out of the general fund of said county, while and when the said warrant and claim was not a legal charge against said county, to the damage of said county, plaintiff, in the sum of sixty dollars, which sum is due and unpaid from said defendants to said plaintiff.

The official bond is in form and substance such as is required by law, and is fully set out in the complaint.

The prayer of the complaint is: "Wherefore, plaintiff demands judgment against said defendants for the sum of three thousand nine hundred and thirty dollars, the money so paid out by said treasurer without authority of law as aforesaid, together with twenty per cent damages for the use of said sum of money."

It is contended that the complaint is ambiguous and uncertain as to the terms and contents of the auditor's warrants alleged to have been paid by the treasurer; and, for aught that is alleged, those warrants may have appeared to be for the payment of claims legally chargeable to the county.

Assuming, as we must, that the treasurer knew the law, and especially the law prescribing his official duties, he must have known, for example, that an auditor's warrant, directing him to pay F. E. Smith sixty dollars for services "in assisting the recorder and auditor of said county in the performance of the duties of his office," was an order to pay a claim which was not legally chargeable to the county, and that his payment of such order with money belonging to the county was a breach of his official bond; and, since such was the alleged purport and substance of the warrant, it must have appeared upon its face that the claim for which it was drawn was not legally chargeable to the county, and was therefore void. In this respect the case differs materially from the case of *Los Angeles* v. *Lankershim*, 100 Cal. 525. In that case it was held that the treasurer

was excusable for having paid what purported to be an auditor's warrant on the school fund without notice that it was not based upon a requisition of the superintendent of schools, nor otherwise invalid. The decision rested upon a finding by the trial court that the payment by the treasurer "was made upon what purported to be a county auditor's warrant, made payable to one C. H. Delevan"; and it was held that, without any showing to the contrary, it must be presumed that the warrant was regular in form and substance. But in the case at bar the substance of the warrant is alleged to have been such that its illegality must have been apparent on its face. It is alleged that the warrant was drawn for the payment of a claim for services in assisting the recorder and auditor (a salaried officer) "in the performance of the duties of his office." This implies that the warrant stated the services for the payment of which the warrant was drawn. In addition to this, the County Government Act, section 114, prescribes that "All warrants *must distinctly* specify the liability for which they are drawn, and *when it accrued.*" This provision, according to the rule in *Los Angeles* v. *Lankershim, supra,* authorizes the presumption, nothing appearing to the contrary, that the auditor's warrants in question distinctly specified the liability for which they *are alleged* to have been drawn.

If the complaint misstated the liability for which any warrant was drawn, to the prejudice of the defendants, such misstatement was matter of defense, and could have been corrected by answer.

There is no merit in the point that the cause or any cause of action appears to be barred by any statute of limitation. The complaint shows that all the warrants were paid by the treasurer during his said term of office, and within three years next preceding the commencement of the action; and, as above shown, the action is upon a written contract and not upon a penal statute.

Nor is there anything worthy of special consideration in the point that the superior court had no juris-

diction of the subject matter of the action. (*Bailey* v. *Sloan*, 65 Cal. 387.)

The only ground upon which it is claimed that the complaint is deficient in facts necessary to constitute a cause of action is that it does not show that the treasurer had notice that the claims for the payment of which the warrants were drawn were not legally chargeable to the county.

This point has been considered, but the following cases relating to the duty and responsibility of the treasurer may be added: *Merriam* v. *Board of Supervisors*, 72 Cal. 517; *Linden* v. *Case*, 46 Cal. 171; *Trinity County* v. *McCammon*, 25 Cal. 121. The complaint fully complies with the rule announced in the case of *Hedges* v. *Dam*, 72 Cal. 520, cited by respondent.

I think the judgment should be reversed and the cause remanded with instruction to the lower court to overrule the demurrers.

BELCHER, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded with instruction to the lower court to overrule the demurrers.

HARRISON, J., VAN FLEET, J., GAROUTTE, J.