[Civ. No. 3003.   Second Appellate District, Division One.—November 28, 1919.]

## PIONEER TRUCK COMPANY (a Corporation), Respondent, v. REX B. CLARK et al., Appellants.

[1] Contracts — Assignment of Sundry Claims — One Right of Action Against Assignor.—Where one of the considerations passing between certain parties under a contract settling disputed matters was an assignment of claims, against sundry individuals, ranging from thirteen cents to $281 each and aggregating several thousand dollars, and the assignee failed to secure payment from the individual debtors because some of the claims were worthless and did not in fact exist at the time of the assignment, and others were prevented from being collected by failure of the assignor to furnish necessary data by which the verity thereof might be established, the assignee had but one right of action for the whole amount of his claim, and he cannot so divide and split up his demand as to avoid the defense that the first action brought to judg-

ment would debar him from any further prosecution of the alleged claim.

[2] Id.—Splitting Up Demand—Several Actions Brought—Injunction to Stop Proceedings.—Where such assignee divided his demand and brought several actions in the justice's court against the assignor, one of which was brought to trial, an injunction would not lie to stop the proceedings in the justice's court in the absence of a showing that the defendant would be unnecessarily vexed and annoyed or put to unnecessary expense by reason of being compelled to interpose the plain legal defenses available to it in that court.

[3] Id.—Determination of First Action — Waiver of Right to Prosecute Subsequent Actions.—Such assignee by bringing different actions on the same claim, upon securing a determination of the first action, waived or lost his right to prosecute any of the others subsequently commenced, upon a proper plea being properly interposed by the assignor.

APPEAL from an order of the Superior Court of San Diego County granting an injunction. W. A. Sloane, Judge. Reversed.

The facts are stated in the opinion of the court.

Arthur L. Dorn for Appellants.

Warren E. Libby and Johnson & Ryan for Respondent.

JAMES, J.—This appeal is taken from an order granting an injunction, by which order the appellants were "enjoined and restrained from doing any act in the prosecution of, or in any way prosecuting those certain actions, or any of them," at the time pending in the court of appellant Bryan, a justice of the peace. In form the injunction is of a permanent character, although when the stage of the proceedings at which it was made is observed it appears to be a temporary injunction merely, or one granted pending final determination of the issues joined in the complaint and answer. For all necessary purposes it may be considered as a temporary injunction only. Under this assumption all questions presented may be considered.

[1] The facts, as shown by the allegations of the complaint, are that various differences having existed between respondent and appellant Clark, a written agreement was entered into settling all disputed matters. One considera-

tion, among many others which under the settlement contract moved to Clark from respondent, was the assignment of claims said to exist in favor of respondent against sundry individuals (several hundred in number), said claims ranging from thirteen cents to $281 in amount. The aggregate of the claims exceeded nine thousand dollars. The term of the written contract under which this assignment was made provided, in part, as follows: ''The Pioneer Truck Company, a corporation, hereby assigns, transfers and sets over unto Rex B. Clark, each and every its accounts and claims against various persons, a full and complete list of which is marked Exhibit 'A,' hereto attached and made a part hereof, and does hereby further agree with said Clark to deliver to him all data of every kind and character or nature in its possession relating thereto or necessary or expedient to enable the said Clark to establish the virtue of each and every said claim in the ordinary procedure in a court of justice.'' After obtaining title to these claims Clark, as appears by his allegations in the justice's court actions hereinafter referred to, failed to secure payment from the individual debtors. He claimed that some of the alleged claims were worthless and did not in fact exist at the time of the assignment by respondent, and that as to others the respondent had failed to furnish him with the necessary data by which the verity of the claims might be established. Thereupon he brought eighteen suits in the justice's court against respondent for an aggregate amount of $4,785.23. In these different actions he chose sufficient of the alleged claims to make the amount sued for in each a sum within the jurisdiction of the justice's court. These actions were all filed on the same day; hence we assume that the liability of the respondent as to all of them, if any there was, had then accrued. The first action filed was brought to trial, a trial was had and the justice took the matter under advisement. Before decision was rendered respondent brought this action for an injunction, praying that the appellants be restrained from proceeding any further in any of the actions in the justice's court, and that Clark be permitted by cross-complaint to set up in the injunction suit any claim which he might have as embraced within the eighteen separate actions. A temporary restraining order was made, an order to show cause was issued and hearing had thereon. At the conclusion of this hearing the

court made the order which has been appealed from. Appellant's position may be summarized under two heads, namely: First, that the demands which he presented in the justice's court actions were several, and that he had the legal right to sue separately as to each; second, that even though his demands were not several, equity would not restrain the prosecution of the suits for the reason that respondent herein was not restricted in its right to interpose any legal defense possessed by it in the justice's court. In addition to these contentions, appellant urges also that no facts were stated in the petition of the respondent from which it could be deduced that the prosecution of the several actions would be vexatious to respondent within the legal meaning of that term.

Our preliminary conclusion is, and one about which we entertain no doubt at all, that Clark at the time he brought his justice's court actions had but one right of action, and that right of action was for the whole amount of his claim. The jurisdiction because of this amount was in the superior court and not in a justice's court. The cause of the liability sought to be fixed upon the respondent grew out of one contract. It matters not that, considering it to be true as Clark alleged, some of the alleged claims never existed and others were prevented from being collected by failure of respondent to furnish data. The whole amount sought to be collected having accrued under the same contract, all was collectible in one action, even though different counts might have been used. (*Bailey* v. *Sloan,* 65 Cal. 387, [4 Pac. 349]; *Ventura County* v. *Clay,* 114 Cal. 242, [46 Pac. 9].) Having, then, a demand which could and should have been presented in a single suit, Clark could not so divide and split up his demand as to avoid the defense that the first action brought to judgment would debar him from any further prosecution of the alleged claim. (*Herriter* v. *Porter,* 23 Cal. 385; *Grain* v. *Aldrich,* 38 Cal. 514, [99 Am. Dec. 423].) It might be suggested that a plea in bar could not be interposed to the second and successive actions until the judgment had become final. A plea in abatement could be interposed in such second and subsequent actions until the first judgment had become final, and a plea in bar then made. (*Brown* v. *Campbell,* 110 Cal. 644, [43 Pac. 12].) **[2]** Clearing up the legal situation, then, as to Clark's rights, it appears that

a plea in abatement and bar to all of the actions in the justice's court subsequent to the first one would be good. We then have to consider whether, under these circumstances, the respondent here had the right to call into use the extraordinary remedy of an injunction to stop the proceedings in the justice's court. We do not think that it had such right, for we do not think that it is made to appear under the circumstances that respondent would be unnecessarily vexed and annoyed or put to unnecessary expense by reason of being compelled to interpose the plain legal defenses available to it in the justice's court. The remedy here sought exists without question in a proper case. Mr. Pomeroy, in his work on Equity Jurisprudence, fourth edition, at paragraph 1371, says: "There are, however, special circumstances in which a resort to the injunctive jurisdiction may still be necessary, in order to prevent a failure of justice. These cases may, I think, be reduced to a few general classes: 1. Where it is essential to promote the ends of justice that an entire controversy should be determined in one proceeding, so that the rights and duties of all parties interested may be finally settled, it may be necessary to restrain other suits, so as to prevent the pendency of two or more actions involving the same subject matter, or to prevent a partial litigation of the controversy, or to prevent a multiplicity of suits depending upon the same facts or principles. In short, the jurisdiction must sometimes be exercised to prevent a multiplicity of actions, or partial investigations which would work injustice. . . . " Section 254: " . . . It must be admitted that this exercise of the equitable jurisdiction is somewhat extraordinary, since the rights and interests involved are wholly legal, and the substantial relief given by the court is also purely legal. It may be assumed, therefore, that a court of equity will not exercise jurisdiction on this particular ground, unless its interference is clearly necessary to promote the ends of justice, and to shield the plaintiff from a litigation which is evidently vexatious. It should be carefully observed that a court of equity does not interfere in this class of cases to restrain absolutely and completely any and all trial and decision of the questions presented by the pending actions at law; it only intervenes to prevent the repeated or numerous trials, and to bring the whole within the scope and effect of one judicial investiga-

tion and decision." **[3]** In practical effect appellant Clark, by bringing different actions on the same claim, upon securing a determination of the first action, waived or lost his right to prosecute any of the others subsequently commenced; this condition, of course, assuming a proper plea properly interposed by his adversary. If he saw fit to do this and suffered loss in consequence, we do not think that a court of equity should deny him that privilege. The determination of the legal question of the bar would be settled without the presence of many witnesses and speedily settled. For these reasons, we do not think such a case is presented as authorized the court to make the injunction from which order this appeal is prosecuted.

The order appealed from is reversed.

Conrey, P. J., and Shaw, J., concurred.