[S. F. No. 10325.  In Bank.—August 25, 1922.]

RICHARD BRADLEY, Petitioner, v. JOHN J. VAN NOS-
TRAND, as Judge, etc., Respondent.

[1] SUPERIOR COURT—TRANSFER OF CAUSE—ORDER BY OTHER THAN
PRESIDING JUDGE—JURISDICTION.—An order transferring a divorce
proceeding from the department of the superior court in which
the decree was rendered to another department of the same court
for the hearing of an application to compel the payment of ali-
mony as provided by the decree is not void, as being an excess of
jurisdiction, although made by a judge of a third department of
such court, instead of by the presiding judge thereof.

[2] ID.—CITY AND COUNTY OF SAN FRANCISCO—JURISDICTION OF AC-
TIONS.—There is but one superior court in the city and county of
San Francisco and all actions brought in that court are within
the same jurisdiction, and whether an action gets into a depart-
ment of such court regularly or irregularly after jurisdiction has
been acquired, is not a matter which can be determined in a pro-
ceeding for a writ of prohibition, which only goes to the jurisdic-
tion of the court.

APPLICATION for a rehearing of a petition for a Writ
of Prohibition after denial by the district court of appeal.
Denied.

The facts are stated in the opinion of the court.

Herbert Chamberlin for Petitioner.

Charles Baer for Respondent.

SHAW, C. J.—The petitioner herein asks that an order
be made prohibiting the court below from proceeding to the
hearing of an application presented to said court by Emma
R. Bradley, praying that the applicant be directed to pay
$85 per month to said Emma R. Bradley in pursuance of a
decree theretofore rendered against him by said court.

The petitioner presented his petition, in the first place, to
the district court of appeal of the first district, division
two, and this petition was denied. He now presents to this
court a petition for rehearing of said cause.

The case of *Bradley* v. *Bradley* was a divorce proceeding
and the judgment contained a clause commanding the de-

fendant Richard Bradley to pay $85 monthly to the plaintiff as alimony. The petitioner claims that the defendant herein is without jurisdiction to hear the said case for contempt, because of the fact that the divorce case aforesaid was heard and determined by the Honorable George H. Cabaniss, judge of the said court, and not by the said Honorable John J. Van Nostrand. He contends that, because no order has been made, either regularly or irregularly, by the Honorable Franklin A. Griffin, who is the presiding judge of said court, that an order transferring the case from department 3, presided over by Judge Cabaniss, in which the judgment was rendered, to department 4, presided over by the defendant, that was given and made by the Honorable Walter P. Johnson, judge of the said court, is therefore void.

[1] The said order is not an excess of jurisdiction. This is expressly decided by the case of *Brown* v. *Campbell*, 110 Cal. 644 [43 Pac. 12]. The plaintiff claims that the contrary was decided by *White* v. *Superior Court*, 110 Cal. 66, 67 [42 Pac. 480]. The plaintiff here misunderstands the effect of that case. It says: "The power to distribute and regulate the business of the court resting with the presiding judge, though it be exercised in a grossly unfair and arbitrary manner, is not an excess of power, but an abuse of it. The remedy for such abuse rests in the hands of the judges of that court, since they have the power to remove that functionary at their pleasure and substitute another in his stead. And, possibly, in an instance where the violation of the rules of the court by the judge, without notice to a party litigant, worked the latter an injury by depriving him of some substantial right, the act would amount to an irregularity which could be corrected on appeal. But we do not understand that, after a cause has been once assigned, it may not be reassigned or transferred, even irregularly, without jeopardizing the jurisdiction of the court therein. The power of the presiding judge in the premises is not exhausted by the original assignment of an action or proceeding."

[2] This does not declare that the order would be void if made by other than the presiding judge. While it may be conceded that it would be irregular, it must be held that it is nothing more. There may have been good cause for the

interference, but whether so or not, his action in directing that the cause be heard before department 4 would not have the effect of depriving the court of jurisdiction. It is decided in *Brown* v. *Campbell, supra,* that there is but one superior court in the city and county of San Francisco and all actions brought in that court are within the same jurisdiction. Whether it gets into a department of the court regularly or irregularly, after the court has acquired jurisdiction, is not a matter which we can determine in this proceeding, which only goes to the jurisdiction of the court.

The petition for a rehearing is denied.

Waste, J., Myers, J., *pro tem.,* Lennon, J., and Richards, J., *pro tem.,* concurred.