[Civ. No. 9999.    Third Dist.    Oct. 31, 1960.]

THE REGENTS OF THE UNIVERSITY OF CALIFORNIA (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF SOLANO COUNTY et al., Respondents; WILLIAM H. McPHERSON, as Special Administrator and Administrator With the Will Annexed, etc., Real Party in Interest.

[Civ. No. 10000.    Third Dist.    Oct. 31, 1960.]

WILLIAM H. McPHERSON, as Special Administrator and Administrator with the Will Annexed, etc., Petitioner, v. THE SUPERIOR COURT OF SOLANO COUNTY et al., Respondents; THE REGENTS OF THE UNIVERSITY OF CALIFORNIA (a Corporation) et al., Real Parties in Interest.

Thomas J. Cunningham, John E. Landon, John P. Sparrow, Lillick, Geary, Wheat, Adams & Charles and Robert R. Vayssie for Petitioners in Civ. No. 9999 and Real Parties in Interest in Civ. No. 10000.

Clausen & Burns, Clausen, Burns & St. Clair, Henry C. Clausen and Sheldon C. St. Clair for Petitioner in Civ. No. 10000 and Real Party in Interest in Civ. No. 9999.

No appearance for Respondents.

VAN DYKE, P. J.—Two petitions for writs of prohibition filed in this court seek identical relief against the two Judges of the Superior Court in and for the County of Solano, that is, restraint from proceeding to hear a petition filed in the matter of the estate of Hazel S. Lagersen, deceased, pending in that court.

All matters in the estate proceedings had been heard before the Honorable Harlow V. Greenwood, Judge of said court, and the estate proceedings had covered an extended period of time during which numerous matters had been heard before Judge Greenwood and decided by him. During January of 1960, William H. McPherson, administrator with the will annexed, filed in said estate proceedings his second and final account and report of special administrator; his first and final account and report of administrator with the will annexed; a petition for final distribution; his petition for allowance of extraordinary fees to himself as special administrator and as administrator with the will annexed; and his petition for allowance of extraordinary fees to Henry C. Clausen as attorney for such special administrator and administrator with the will annexed. Objections were filed thereto by the University of California, one of the residuary legatees, with respect to re-

quested allowances for fees. The entire matter came on regularly to be heard before Judge Greenwood. There were in attendance, among others, petitioner McPherson, his counsel, and counsel for the university. When the matter was called for hearing, counsel for the university filed an affidavit for the purpose of peremptorily disqualifying Judge Greenwood. The record does not disclose formal action taken in response to the disqualification affidavit, but it does appear that the hearing before Judge Greenwood was ended, that parties and counsel proceeded from the courtroom of Judge Greenwood to the courtroom of the Honorable Raymond J. Sherwin, also a judge of said court, who took no evidence at that time, but continued the hearing to March 21, 1960. On that date considerable testimony was taken before him and the matter further continued to April 11th, when further evidence was taken and the matter again continued to May 19, 1960. Before that date arrived a motion was presented to Judge Greenwood by McPherson to strike from the files the declaration of disqualification theretofore filed by counsel for the university and for an order restoring the proceeding to the department presided over by Judge Greenwood. Over the objection of the university, Judge Greenwood granted the motion to strike and ordered the matter transferred from Judge Sherwin's department to his own.

The university petitioned this court for a writ of mandate and of prohibition, asking that Judge Greenwood be restrained from taking any further steps or proceedings in the premises. This court issued its alternative writ and a stay order pending decision. Thereafter and before decision of the university's petition, McPherson petitioned this court for a writ of prohibition directed toward Judge Sherwin, asking that he be prohibited from proceeding further in said matters. An alternative writ was issued and a stay order pending decision. Both matters have been consolidated for decision by this court.

Concededly all matters in the estate of Lagersen had been heard before Judge Greenwood and decided by him up to the time when McPherson's petition for settlement of accounts and allowance of extraordinary fees was filed. In the normal course of events McPherson's petition would have been heard before Judge Greenwood. In view of the history of the estate proceedings, we think that no party or attorney would have expected otherwise than that Judge Greenwood would hear the pending petition. The parties and their counsel, responsive to a notice which did not on its face designate the court-

room of Judge Greenwood as the place for the hearing, went to that courtroom where the matter was called. No doubt could be entertained that had the matter proceeded before Judge Greenwood no one would have questioned his power to hear and decide the issues. But when he was confronted with the affidavit for disqualification it appears that Judge Greenwood terminated the hearing before him and that the parties and their counsel then, whether responsive to directions by Judge Greenwood or otherwise, attended upon Judge Sherwin who proceeded to the hearing of the issues presented and would have decided the same had he not been interrupted by the stay order of this court based upon the claim that Judge Greenwood had assumed to order the matter back before him for hearing and decision. There can be no doubt that had this interruption of the proceedings before Judge Sherwin not taken place and had Judge Sherwin proceeded to a decision his decision would have been a lawful determination of the issues incident to and as a result of the exercise by Judge Sherwin of the full powers of the Superior Court of Solano County.

Under the circumstances presented here the contentions of counsel for McPherson that the disqualification affidavit presented by counsel for the university did not constitute a substantial compliance with the requirements for peremptory challenge and that the motion to disqualify came too late are beside the mark. When, under the related circumstances, the parties appeared before Judge Sherwin and proceeded to try the issues, they waived any and all objections to the cessation of proceedings before Judge Greenwood and their resumption before Judge Sherwin. There was at least an informal transfer to Judge Sherwin's department and in the absence of objection that was sufficient. (*Thomasian* v. *Superior Court*, 122 Cal.App.2d 322 [265 P.2d 165]; *Bradley* v. *Van Nostrand*, 189 Cal. 457 [208 P. 690]; *City of Oakland* v. *Hart*, 129 Cal. 98 [61 P. 779].) Absent any intervening cause for retransferring the matter from Judge Sherwin's department to that of Judge Greenwood, such as inability through illness of Judge Sherwin to proceed with the matter or the appearance of disqualification affecting him, the order made by Judge Greenwood purporting to transfer the matter to his own department and to interrupt and terminate the proceedings before Judge Sherwin, amounted to no more than the attempt of one judge of a superior court to interfere with the proceedings before another judge of the same court who

was currently exercising the full jurisdiction of the court itself in the hearing and disposition of the matter before it. (*Williams* v. *Superior Court,* 14 Cal.2d 656, 662 [96 P.2d 334] ; *Thomasian* v. *Superior Court, supra,* p. 332.)

The alternative writ heretofore issued in proceeding 3 Civil No. 10000 and the stay order directed to Judge Sherwin are set aside. Let a peremptory writ issue, directed to Judge Greenwood, restraining him from hearing and deciding the matters aforesaid while they are, as now, pending before the department of the Superior Court in and for the County of Solano presided over by Judge Sherwin.

Peek, J., and Schottky, J., concurred.

The petition of the real party in interest in Civ. No. 9999 and petitioner in Civ. No. 10000 for a hearing by the Supreme Court was denied December 21, 1960.