LANCASHIRE INSURANCE Co., Petitioner, *v.* DISTRICT COURT OF PONCE, ANGEL ACOSTA QUINTERO, JUDGE, Respondent.

No. 535.   Argued November 15, 1926.—Decided February 25, 1927.

*J. Tous Soto, R. V. Pérez Marchand, Jaime Sifre, Jr.* and *Diego O. Marrero* for the petitioner.   *Leopoldo Tormes* for the intervenor.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This certiorari proceeding has been brought to review the proceedings in a civil action in which the District Court of Ponce rendered judgment sustaining the complaint.   Defendant, the petitioner herein, appealed from that judgment to this Supreme Court and moved also for a new trial.   The appeal was dismissed.   The judgment became final and the plaintiff moved for its execution, which was ordered by the district court.   Then the defendant moved that the district court suspend the order of execution because it had not been notified of the plaintiff's motion for that order and because there was pending in the same case a motion for a new trial denied by the court but appealed to the Supreme Court.   The district court heard counsel for both parties and finally refused to stay the execution.   That decision, in its pertinent part, reads as follows:

"Whereas, every court has power to enforce its decisions, orders and decrees, especially if they are final.

"Whereas, to exempt a person or his representatives from the effects of a judgment rendered against him there must exist mistake, oversight, surprise or excusable negligence, which causes are not found in the present case.

"In view of section 140 of the Code of Civil Procedure, *American Railroad Co.* v. *Ortiz,* 16 P.R.R. 272, 23 Cyc. 1017, 1018, and 23 C. J. 521, 522, the motion for reconsideration and suspension of the order for the execution of the judgment rendered by this court on August 16 of this year is dismissed."

Defendant came up to this court by means of a proceeding in *certiorari.* The writ was issued and we are now to consider and decide whether or not the court ought to have stayed the execution pending the appeal taken from the order refusing a new trial.

It is contended by the plaintiff in the civil action, in which capacity he has intervened in this *certiorari* proceeding, that the question of the stay of execution of a judgment depends on some law to that effect and that there is no such statute in Porto Rico.

There is in Porto Rico the general provision of section 298 of the Code of Civil Procedure as well as all American precedents and jurisprudence as a consequence of the complete adoption of the new system of procedure. It was held by this court in a case cited by the trial court, *American Railroad Co. of P. R.* v. *Ortiz,* 16 P.R.R. 272, that—

"A district court has power to suspend execution of its judgments, when it is duly shown that there are sufficient grounds therefor, by reason of something that has been offered during the course of the proceedings or after the rendition of judgment, and the Supreme Court also has the power to suspend execution of its own judgments, in cases where it is proper so to do, for the same reasons."

It is true that the pendency of a motion for a new trial does not operate of itself as a stay of the execution of a judgment in a suit, but it has been held that it constitutes sufficient ground for a court to issue an order suspending execution.

See the text of Corpus Juris cited in the decision of the district judge, 23 C.J. 524. The same case of *Harris* v. *Barnhart,* 97 Cal. 546, cited by the plaintiff in opposing the *certiorari* proceeding is authority to sustain what we have established. It was therein held:

"A motion for a new trial does not stay or suspend the operation of a final judgment in the cause, *in the absence* of an order of the court to that effect." Italics volunteered.

There is no doubt, therefore, that the stay may be ordered.

The only thing really that makes us hesitate to intervene by means of this *certiorari* proceeding is the well settled rule which says: "That the granting of a stay usually rests in the discretion of the court which will not be reviewed unless capriciously exercised or abused." 23 C.J. 528.

However, if attention is given to the spirit that prompted the Porto Rican Legislature to adopt the new Code of Civil Procedure in the matter of stay when an appeal has been taken by eliminating the required security, it will be seen that the scope of judicial discretion in a case like the present, if guided by that spirit, became, if not entirely eliminated, to a great extent restricted.

And if attention be paid to the wording of the ruling sought to be reviewed, it will be seen also that the district judge gave attention not to the consideration of the concurring circumstances as to whether or not he ought to exercise that discretion, but as to his power to order the execution of his judgment. Perhaps it was 'insisted that the court inevitably ought to reconsider its order because it did not have sufficient power to make it.

It will be seen also from a consideration of the said ruling that not only the foregoing should have occurred, but from the text of its second part it appears that the court did not realize exactly what was requested from it and required the concurrence of unnecessary requisites. It was not a case of exempting one of the parties from the consequences of a

judgment for which it would have been necessary to show mistake, oversight, surprise or the excusable negligence referred to by the court, but of a stay of execution of a judgment during the pendency of an appeal in which the judgment might be set aside.

As at first stated, the judgment appealed from became final not because this court decided the appeal on its merits, but because the appeal was dismissed. The dismissal was due to the fact that the transcript was not filed in time. *Campos* v. *Great American Insurance Company*, 35 P.R.R. 935.

The motion for a new trial, as appears from the record, is based, among other grounds, on the claim that the evidence is insufficient to sustain the judgment. If this court should hold that a new trial should have been granted, the judgment rendered would fall.

The fact must not be overlooked that this is a case of the recovery of insurance decided in favor of the plaintiff. If he should collect, nothing would prevent him from disposing of the amount immediately, and it might result that the setting aside of the judgment by virtue of the appeal from the ruling denying a new trial might become ineffective. This being so, it would be logical, prudent and just to stay the execution of the judgment on proper security in favor of the victorious party pending the appeal. It seems opportune to make the following quotation:

"Unless required by statute, as is sometimes the case, the judge granting a stay need not in all cases require security as a condition, although this is often done, even where defendant is solvent, and it is said to be the settled rule of equity to require security in such a case." 23 C. J. 528–529.

The order of August 30, 1926, must be set aside and the case remanded to the trial court for an order granting the stay prayed for, requiring just and proper security in accordance with the circumstances of the case.

Mr. Justice Hutchison took no part in the decision of this case and Mr. Justice Franco Soto concurred.

CONCURRING OPINION OF MR. JUSTICE FRANCO SOTO

I concur in the reversal of the order appealed from, but for different reasons.

The law allows an appeal from an order denying a motion for a new trial. Section 295 of the Code of Civil Procedure, subdivision 3. This appeal is independent of that which can be taken at the same time from a final judgment. Section *supra,* subdivision 1.

The mere fact of perfecting an appeal in either of the above cases has the effect of suspending every proceeding in the court below. It is so provided by section 297 of the Code of Civil Procedure, which says:

"Whenever an appeal is perfected, it stays all further proceedings in the court below, upon the judgment or order appealed from, or upon the matters embraced therein; but the court below may proceed upon any other matter embraced in the action, and not affected by the order appealed from."

This section does not exist in the Code of Civil Procedure of California. So that on the adoption of that Code for Porto Rico on March 1, 1904, said section was introduced as an innovation, deviating from the American practices where the requisite of security is jurisdictional in order to perfect an appeal. That is why there is omitted in section 296 that part thereof where security is required in order to take an appeal. We can see the difference. Section 940 of the Code of Civil Procedure of California, in force on July 1, 1901, is as follows:

"An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party or his attorney. The order or service is immaterial, but the appeal is ineffectual for any purpose unless within five days after service of the notice of appeal, an undertaking is filed, or a deposit of money is made with the clerk, as hereinafter provided, or the undertaking is waived by the adverse party in writing. If the adverse party has not appeared either in

person or by attorney, service upon him may be made by delivering a copy of the notice to the clerk of the court from which the appeal is taken.''

The Code of Civil Procedure of Porto Rico provides as follows:

''An appeal is taken by filing with the secretary of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney.''

The question seems clear. If an appeal from an order denying the motion for a new trial did not produce the effect of staying all proceedings in the court below in connection with the judgment, such an appeal, even though authorized by the code, would only have an academic interest. But it is not so. Here in Porto Rico, having changed the text or fountain from where the law in that respect was copied, it is not proper to apply the jurisprudence of California where it seems to be discretional, through the filing of an undertaking, to stay the execution of a judgment where an appeal has been dismissed, while the motion for a new trial is pending on appeal.

In my judgment, the stay is a matter of law. Until the appeal from the order is dismissed or the refusal of the new trial affirmed, automatically, the execution of the judgment is stayed.