El Juez Asociado Señor Hutchison no intervino en la resolución del caso.

---

ALFREDO CAMPOS, demandante y apelado, *v.* THE GREAT AMERICAN INSURANCE Co., demandada y apelante.

No. 3916.—*Visto:* Julio 28, 1926. *Resuelto:* Julio 30, 1926.

1. APELACIÓN Y ERROR—RECORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RECORD—TRANSMISIÓN, RADICACIÓN, IMPRESIÓN Y SERVICIO DE COPIAS—RADICACIÓN FUERA DEL TÉRMINO Y EFECTO—DESESTIMACIÓN.—Cuando el período estatutorio de 30 días para radicar la transcripción del récord ha expirado al hacerse moción de prórroga para radicar dicha transcripción, procede declarar con lugar la moción para que se desestime la apelación.
2. APELACIÓN Y ERROR—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—TRANSMISIÓN, RADICACIÓN, IMPRESIÓN Y SERVICIO DE COPIAS—TÉRMINO PARA RADICAR EL TRANSCRIPT—COMPUTACIÓN DEL TÉRMINO.—El término para radicar el récord de apelación empieza a correr desde la fecha en que se aprueba la transcripción de la evidencia y no desde la fecha en que ésta se hizo formar parte del legajo de la sentencia.

MOCIÓN sobre desestimación de apelación presentada por el apelado. *Con lugar.*

*Rafael Martínez Nadal, Manuel A. Martínez Dávila* y *Leopoldo Tormes,* abogados del apelado; *José Tous Soto* y *Rafael V. Pérez Marchand,* abogados de la apelante.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Se admite que las notas taquigráficas de un juicio fueron, de acuerdo con las leyes Nos. 27 de 1917 (2) p. 275) y 81 de 1919 (p. 67) sometidas para su aprobación al juez que entendió en la vista del caso y aprobadas por él el día 14 de junio de 1926. El 15 de julio la apelante radicó en esta Corte Suprema una moción de prórroga para radicar el récord. Por tanto, si los treinta días exigidos por la ley para radicar la transcripción en esta corte empiezan a contarse a partir de la fecha de la aprobación de las notas taquigráficas, dicho período había expirado cuando se hizo la moción de prórroga y procedía una moción para que se desestimara la apelación.

La apelante demostró que la transcripción de la evi-

dencia aunque fué aprobada por el juez anterior de la corte inferior el 14 de junio en San Juan, no llegó a la Corte de Distrito de Ponce, donde se celebró el juicio, hasta el 16 de junio y no formó parte del legajo de la sentencia hasta el 17 de junio. Aparentemente la apelante también argumentó que era necesario que la Corte de Distrito de Ponce tomara alguna acción antes de que dichas notas taquigráficas pudieran incorporarse al récord. En esto la apelante está claramente equivocada..

Durante la vista tuvimos algunas dudas de si para los fines de una apelación las notas taquigráficas tenían completo valor judicial hasta que se hicieran formar parte del récord. Nos hemos convencido de lo contrario. La ley requiere expresamente que la transcripción se eleve a esta corte dentro de los treinta días a partir de la aprobación de las notas taquigráficas. Dicha ley dice así:

. ". . . . En el caso de haberse aprobado una transcripción de la evidencia, el término se contará desde la aprobación de la misma, y la constancia mencionada se limitará a la entrega de la parte restante del legajo de la sentencia." Art. 2 de la ley No. 81 de 26 de junio, 1919, Leyes de ese año página 679.

No se fija ningún otro período de tiempo, como por ejemplo, en el caso de sentencias corrientes, que sólo tienen efecto a partir del día en que son registradas. Treinta días generalmente es un período de tiempo amplio para preparar la transcripción aún si el juez se demora varios días en radicar las notas taquigráficas aprobadas. Si hubiere una demora indebida por parte del juez, usaríamos nuestro poder extraordinario para ayudar a un apelante. Treinta días es ciertamente tiempo suficiente para pedir a esta corte una prórroga cuando en realidad se necesite. La ley es clara sobre este punto y por tanto *debe desestimarse la apelación.*

El Juez Asociado Señor Hutchison no intervino en la resolución de este caso.