THE LANCASHIRE INSURANCE Co., peticionario, *v.* LA CORTE DE DISTRITO DE PONCE, HON. ANGEL ACOSTA QUINTERO, JUEZ, demandado.

No. 535.—*Visto:* Noviembre 15, 1926.    *Resuelto:* Febrero 25, 1927.

1. APELACIÓN Y ERROR—"SUPERSEDEAS" O SUSPENSIÓN DE PROCEDIMIENTOS *(Stay)* CONCESIÓN O DENEGACIÓN DE SUSPENSIÓN—DISCRECIÓN JUDICIAL.—Atendido el espíritu que informa la actitud de la Legislatura Insular en materia de suspensión cuando se apela, aunque la suspensión de la ejecución de una sentencia al interponerse apelación de una orden denegatoria de nuevo juicio continúa siendo discrecional, hay que reconocer que el campo de la discreción ha sido limitado.

2. CERTIORARI— RESOLUCIONES Y ORDENES DE TRIBUNALES INFERIORES— REVISIÓN POR CERTIORARI Y SU ALCANCE—DISCRECIÓN DE LA CORTE INFERIOR—CONCESIÓN O DENEGACIÓN DE SUSPENSIÓN *(Stay).*—Examinados en la opinión las circunstancias concurrentes en el caso y los términos en que aparece dictada la orden negando la suspensión, la Corte Suprema la anuló en *certiorari* devolviendo el caso para que se decretara la suspensión con las debidas garantías para la parte apelada.

CERTIORARI para revisar ORDEN de *Angel Acosta Quintero*, J. (Ponce), negando suspensión de la ejecución de la sentencia pendiente apelación contra orden denegatoria de nuevo juicio. *Anulada* la orden.

*J. Tous Soto, R. V. Pérez Marchand, Jaime Sifre Jr. y Diego O'Marrero,* abogados del peticionario; *Leopoldo Tormes,* abogado del interventor.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El presente *certiorari* se ha establecido con objeto de revisar los procedimientos en un pleito civil en el que la Corte de Distrito de Ponce dictó sentencia declarando la demanda con lugar. La demandada, que es aquí la peticionaria, apeló de la sentencia para ante esta Corte Suprema y solicitó además un nuevo juicio. La apelación fué desestimada. La sentencia quedó firme y la demandante solicitó su ejecución. La corte de distrito la ordenó. La demandada entonces solicitó de la corte de distrito que suspendiera la orden de ejecución porque no fué notificada de la moción del demandante solicitando que se librara dicha orden y porque existía pendiente en el mismo pleito una solicitud de nuevo juicio negada por la corte pero apelada al Supremo. La corte de distrito oyó a los abogados de ambas partes y finalmente declaró no haber lugar a suspender la ejecución. Su resolución copiada en lo pertinente dice:

"Por cuanto: Toda Corte tiene poder para hacer cumplir sus sentencias, órdenes y providencias, y más si éstas fuesen firmes.

Por cuanto: Para eximir a una persona o a sus representantes de los efectos de una sentencia, que contra ella se hubiese dictado, ha de ser por causa de equivocación, inadvertencia, sorpresa o excusable negligencia, causales que no concurren en el presente caso.

"Visto el art. 140 del Código de Enjuiciamiento Civil, American Railroad Co. vs. Ortiz, 16 D.P.R. 287 y Cyc. 23, 1017, 1018, y Corpus Juris 23, 521, 522, no ha lugar a la reconsideración solicitada y suspensión pedida de la orden de ejecución de sentencia, dictada por esta Corte en 16 de agosto del corriente año.

"Ponce, P. R., 30 de agosto de 1926."

La demandada pidió a esta corte que interviniera mediante *certiorari*. El auto fué expedido y debemos ahora estudiar y resolver si la corte debió o no suspender la ejecución mientras se tramitaba y decidía la apelación interpuesta contra la orden denegatoria del nuevo juicio.

[1] Sostiene la parte demandante en el pleito civil y que

como tal intervino en este procedimiento de *certiorari* que la cuestión de suspensión de la ejecución de una sentencia depende de la ley que así lo determine y que en Puerto Rico no existe tal precepto legal.

En Puerto Rico existe el precepto legal general contenido en el artículo 298 del Código de Enjuiciamiento Civil rigiendo además todos los precedentes y la jurisprudencia americanos como consecuencia de la adopción completa del nuevo sistema de enjuiciar. En la propia decisión de esta corte citada como autoridad por la corte sentenciadora— *The American Railroad Co. of P. R.* v. *Ortiz,* 16 D.P.R. 286 —se decidió que—

"Una corte de distrito tiene facultades para suspender sus propias sentencias, cuando se le demuestre en debida forma que hay motivos suficientes para ello, y por algo que ha ocurrido durante la pendencia del litigio o después de dictada la sentencia, y la Corte Suprema también tiene facultades para suspender sus propias sentencias en los casos en que procede hacerlo por los mismos motivos."

Es cierto que el hallarse pendiente una solicitud de nuevo juicio no opera por sí mismo como una suspensión de la ejecución de la sentencia dictada en el pleito, pero se ha resuelto que es base suficiente para que la corte dicte una orden suspendiendo la ejecución. Véase el propio texto de Corpus Juris citado en la resolución del juez de distrito, 23 C. J. 524. El mismo caso de *Harris* v. *Barnhart,* 97 Cal. 546, citado en su impugnación del *certiorari* por la parte demandante, es autoridad para sostener lo que dejamos establecido. En él se decidió:

"Una moción para nuevo juicio no paraliza o suspende la operación de una sentencia final en un pleito, *en ausencia* de una orden de la corte a tal efecto." Las itálicas nuestras.

No hay, pues, duda alguna de que la suspensión puede decretarse.

[2] Lo único que en verdad nos hace vacilar para inter-

venir por medio de este procedimiento de *certiorari,* es la bien sentada regla que dice: "que la concesión de una suspensión de la ejecución de una sentencia descansa en la discreción de la corte que no será revisada a menos que sea usada caprichosamente o se abuse de ella." 23 C. J. 528.

Sin embargo si se observa el espíritu que guió al legislador puertorriqueño al adoptar el nuevo código de enjuiciamiento civil en materia de suspensiones una vez que se establece una apelación, al suprimir el requisito de la fianza, se verá que el campo de la discreción judicial en un caso como el presente siguiendo igual espíritu quedó si no eliminado por completo en gran parte restringido.

Y si se observan los términos en que aparece redactada la resolución de cuya revisión se trata, se verá también que la atención del juez de distrito estuvo fija no en el estudio de las circunstancias concurrentes para apreciar si debía o no ejercitar su discreción, sino en su facultad para ordenar la ejecución de sus sentencias. Quizá se insistió que la corte inevitablemente debía reconsiderar su orden por no haber tenido poder para dictarla.

Y se verá además de un estudio de la indicada resolución que no sólo debió haber ocurrido lo que antecede si que de lo consignado en su por cuanto segundo se desprende que la corte no tenía un concepto exacto de lo que se le pedía y exigió la concurrencia de requisitos innecesarios. No se trataba de eximir a una parte de los efectos de una sentencia para lo cual hubiera sido necesaria la demostración de la equivocación, la inadvertencia, la sorpresa, o la excusable negligencia a que la corte se refiere, sino de la suspensión de la ejecución de una sentencia mientras se sustanciaba y decidía una apelación en la que dicha sentencia podría quedar sin efecto.

Como se dijo al principio, la sentencia apelada quedó

firme no porque esta corte resolviera el recurso en sus méritos, sino porque el recurso fué desestimado. La desestimación obedeció a no haberse elevado en tiempo la transcripción. *Campos v. Great American Insurance Company,* 35 D.P.R. 1021.

La solicitud del nuevo juicio, según aparece de los autos, entre otros extremos se basa en que la prueba es insuficiente para justificar la sentencia. Si esta corte decidiera que el nuevo juicio debía concederse, la sentencia dictada caería por su base.

Y no debe perderse de vista que se trata de un caso en cobro de póliza resuelto a favor del demandante. Si éste cobrara el importe de la misma, nada le impediría disponer de él inmediatamente, pudiendo resultar luego enteramente ineficaz la anulación de la sentencia a virtud de la apelación de la resolución denegatoria del nuevo juicio.

Siendo ello así, lo lógico y lo prudente y lo justo es suspender la ejecución de la sentencia con las debidas garantías para la parte hasta ahora victoriosa, mientras la apelación pendiente se decide. Parece oportuno hacer la siguiente cita:

"A menos que lo exija el estatuto, como sucede a veces, el juez que concede una suspensión de ejecución no tiene necesariamente que exigir fianza como una condición en todos los casos, aunque esto se hace a menudo aun cuando el demandado sea solvente, y se ha declarado ser la regla establecida en equidad el exigir fianza en tales casos." 23 C. J. 528–29.

Por virtud de todo lo expuesto *debe anularse la orden de agosto 30, 1926, y devolverse el caso a la corte de su origen para que decrete la suspensión solicitada* exigiendo las garantías que estimare procedentes y justas de acuerdo con las circunstancias concurrentes.

El Juez Asociado Señor Hutchison no intervino en la resolución de este caso y el Asociado Señor Franco Soto firmó "conforme con la sentencia."

OPINIÓN CONCURRENTE DEL JUEZ ASOCIADO SR. FRANCO SOTO.

Estoy conforme con la revocación de la orden apelada, pero por otras razones.

La ley permite apelar de una orden denegando la solicitud de un nuevo juicio. Artículo 295 del Código de Enjuiciamiento Civil, inciso 3. Esta apelación es independiente de la que al mismo tiempo se puede establecer de la sentencia final. Artículo *supra,* inciso 1.

El mero hecho de formalizar la apelación en cualquiera de esos dos casos, produce el efecto de suspender todo procedimiento en la corte inferior. Así lo dispone el artículo 297 del Código de Enjuiciamiento Civil, que dice:

"Formalizada una apelación, producirá el efecto de suspender todo procedimiento en la corte inferior, respecto a la sentencia u orden apelada, o a las cuestiones comprendidas en ella, pero la corte inferior podrá proseguir el pleito en lo que respecta a cualquier extremo del mismo no comprendido en la apelación."

Este artículo no existe en el Código de Procedimiento Civil de California. De manera que al ser adoptado aquel Código para Puerto Rico al implantarse aquí el Código de Enjuiciamiento Civil, en marzo 1, 1904, él fué introducido como una innovación, separándose de las prácticas americanas en que el requisito de la fianza es jurisdiccional para perfeccionar la apelación. De ahí fué que en el artículo 296 se omitió aquella parte en que se exige la fianza para establecer el recurso. Podemos ver la diferencia: el artículo 940 del Código de Procedimiento Civil de California, vigente en julio 1, 1901, literalmente decía:

"Una apelación se interpone entregando al secretario de la corte en que fué dictada o registrada la sentencia o providencia apelada, un escrito manifestando que se apela de ella, o de determinada parte de la misma, y entregando idéntico escrito a la parte contraria o a su abogado. El escrito de notificación no tiene importancia, pero la apelación es ineficaz para todos los fines a menos que dentro de los cinco días de haberse hecho la notificación se preste una fianza o se haga una consignación en metálico con el secretario de la corte,

según se dispone más adelante, o a menos que la parte contraria renuncie por escrito a que se preste tal fianza. Si la parte contraria no ha comparecido personalmente ni representada por abogado, la notificación se puede hacer entregando copia del escrito al secretario de la corte de cuya sentencia o providencia se apela.''

Y en el Código de Enjuiciamiento Civil de Puerto Rico, quedó redactado así:

''Una apelación se interpone entregando al secretario de la corte en que fué dictada o registrada la sentencia o providencia apelada, un escrito manifestando que se apela de ella, o de determinada parte de la misma, y presentando idéntica manifestación a la parte contraria o a su abogado.''

La cuestión parece clara. Si la apelación de la orden denegando un nuevo juicio no produjera el efecto de suspender todos los procedimientos en la corte inferior en relación con la sentencia, tal apelación, aunque lo autoriza el código, resultaría siempre de interés académico. Pero no es así. Aquí en Puerto Rico, habiéndose cambiado el texto o fuente de donde fué tomada la ley en ese punto, no cabe aplicar la jurisprudencia de California en la que parece ser cuestión de discreción, mediante la prestación de fianza, suspender la ejecución de una sentencia cuya apelación ha sido desestimada, estando pendiente en apelación la moción sobre nuevo juicio.

A mi juicio, tal suspensión es cuestión de ley. Hasta tanto no se desestime el recurso de la orden apelada o se confirma la negativa del nuevo juicio, automáticamente, *la ejecución de la sentencia queda en suspenso.*